## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Charter Communities, Inc.

v.

Lees Hill Partnership et al.

September 1, 1993

Case No. C93–137

By Judge William H. Ledbetter, Jr.

On August 9, 1993, the court granted a motion filed by Lees Hill Partnership, the result of which requires Charter Communities to elect whether to sue for specific performance or damages in this case. Charter Communities has asked for clarification of that ruling, asserting that it should be allowed a separate election with respect to each of the seven defaults alleged in the bill of complaint.

Ordinarily, in a suit involving the sale of real estate, an aggrieved party may sue to compel specific performance of the contract, or to recover compensation or damages resulting from breach of the contract, or both. Prayers for such alternative relief are not inconsistent. In fact, it is now settled that equity, in a suit for specific performance, can decree compensation even where specific performance is refused, if it has obtained proper jurisdiction of the case on other grounds. Further, where equity has jurisdiction to decree specific performance of a contract and does so, it can, in proper cases, award damages for the breach of so much of the contract as cannot be specifically executed. *See* 17 M.J., *Specific Performance*, §§ 103 and 104. The object, of course, is not to allow the aggrieved party to recover twice for one wrong, but to grant complete relief in one proceeding.

In this case, the parties contracted as follows:

15. Breach: If Seller or Purchaser default any provision, then ten (10) days after written notice if default remains uncured, the other party may *bring suit* for specific performance of this Agreement against the defaulting party *or* elect to *bring suit* for damages against the defaulting party. [Emphasis added.]

This clause is not ambiguous. Thus, the court is not at liberty to go outside the four corners of the instrument to determine the intent of the parties. The parties, in essence, contracted away their right to bring suit for both forms of relief; instead, they agreed that the aggrieved party must elect which form of relief it wishes to pursue prior to instituting suit after first giving the defaulting party ten days to cure the breach.

Even if the parties' intentions were a proper matter for the court to consider here, the court cannot imagine that the parties intended by this clause to permit an aggrieved party to elect what sort of suit to institute with respect to each and every breach of the contract. The contract is lengthy and relatively complex. On its face, it establishes conditions precedent to the conveyance of portions of the real estate that is the subject matter of the instrument. Under such circumstances, it is more likely than not that a defaulting party could almost always be said to have breached more than one provision of the contract if it breached at all. The court cannot agree with Charter Communities that the parties agreed in the above-quoted paragraph that normal cause-splitting prohibitions (see e.g., Middleditch & Sinclair, *Virginia Civil Procedure* (1992) § 8.4) would be waived so that an aggrieved party could, in essence, bring a multitude of suits, some at law and some in equity, or accomplish the same result by filing one suit with a separate election of remedies as to each alleged default. At bottom, the parties' agreement is precisely spelled out in paragraph 15: the aggrieved party may bring suit for specific performance *or* for damages.

The defendants have filed a motion to "crave oyer," i.e., to compel Charter Communities to append to its bill of complaint various documents referenced in the parties' contract attached to the bill. Arguments were heard on August 9, 1993, and additional arguments were presented by memoranda.

Craving oyer, in its original form, was a demand that a party suing on a document (under seal) read the document verbatim in open court ("et ei legitur in haec verba") to the defendant. *Black's Law Dictionary* (4th Ed. 1951), p. 1261. Later, the procedure was modified so that the

plaintiff was compelled to provide the defendant a true *copy* of the document being sued on. So, if a claim is based on a document that is not filed with the initial pleading, the defendant can "crave oyer," or make a motion craving oyer, for the court to order a copy of the document produced and filed. In this manner, a defendant may file a demurrer that otherwise he could not file because a review of the document sued on is essential to a determination of whether the plaintiff's pleading states a cognizable cause of action. *See* Bryson, *Handbook on Virginia Civil Procedure* (2d ed. 1989), pp. 214–215.

In this case, the basis of the suit is a contract dated August 1, 1991, between Charter Communities and Lees Hill Partnership. In its bill, Charter Communities claims that Lees Hill Partnership has breached the contract in several particulars and seeks specific performance. The contract *is* attached to the bill. Consequently, it is a part of that pleading. Rule 1:4(i). Nevertheless, Lees Hill has made a motion craving oyer to compel the plaintiff to produce and file several documents *referred* to in the contract: articles of incorporation and bylaws of the homeowner's association, declaration of restrictive covenants for the Lees Hill subdivision, architectural guidelines applicable to the subdivision, and builder's information package. Paragraph 7(h) provides that Charter Communities will "be bound thereby."

The court agrees with Charter Communities that it has filed a bill of complaint sufficient to withstand a motion craving oyer. To its bill, Charter Communities has attached a complete copy of the contract upon which its claim is based. If Lees Hill's position were sustained, a plaintiff would be required not only to attach the underlying document to his pleading, but also all documents referred to in that document, and so forth, ad infinitum, even when it is unclear whether those referenced documents are essential parts of the other documents or are germane to the litigation.

Obviously, Lees Hill wants these referenced documents made a part of the plaintiff's pleading so that Lees Hill can then file a demurrer and, presumably, have the case dismissed on the pleadings. While the court commends such efforts to expedite litigation, the court is of the opinion that where, as here, the document relied on has been attached to the plaintiff's suit papers, the ancient art of "craving oyer" should not be expanded to compel production of documents referred to in the appended document, and so forth, for the reasons explained above.

Mr. Madison will please prepare and circulate an order denying Lees Hill's motion craving oyer.