## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

John H. Burner
and Mary J. Burner

    v.

Ford Motor Co.

June 7, 2000

Case No. (Law) 48955

BY JUDGE LEROY F. MILLETTE, JR.

On May 5, 2000, the Court heard arguments upon defendant's Demurrer, Plea of Statute of Limitations, and in the alternative, Motion for Summary Judgment. At the conclusion of the hearing, the Court reserved judgment pending a review of the arguments and Memoranda of counsel. Having now completed such review, the Court sets forth its analysis and ruling in this opinion.

*Facts*

When considering a demurrer, the court assumes as true all facts that are properly pleaded, facts that are impliedly alleged, and facts that may be fairly inferred from the allegations. *Hop-In Food Stores v. Serv-N-Save, Inc.*, 237 Va. 206, 207-08 (1989); *Bowman v. State Bank*, 229 Va. 534 (1985). Therefore, the facts stated in this opinion are taken from the plaintiffs' pleadings.

The plaintiffs, John and Mary Burner, purchased a 1994 Ford Mustang from defendant Ford Motor Company ("Ford"). On October 30, 1995, while the vehicle was unoccupied and parked, the engine of the vehicle caught on fire. As alleged by the plaintiffs, Ford's negligent design and manufacturing

of the vehicle caused the fire, rendering the vehicle "undrivable." The fire caused $15,880.00 of damage to the vehicle, but no additional property damages or personal injuries resulted from the fire.

State Farm Mutual Automobile Insurance Company indemnified the plaintiffs for their loss and now, as a subrogee of the plaintiffs, seeks to recover against Ford. Ford demurs to Count I of the Motion for Judgment, contending that the plaintiffs' negligence claim is barred by the economic loss rule. Ford also filed a Plea of the Statute of Limitations as to the plaintiffs' warranty-based claims, specifically Counts II and III of the Motion for Judgment.

### Issues

There are three issues which this opinion seeks to resolve: first, whether the existence of privity between the plaintiffs and the defendant precludes the application of the economic loss rule to the plaintiffs' negligence claim; second, whether the damages claimed by the plaintiffs constitute purely economic losses or whether those damages flow from tortious injury to persons or property; finally, whether the statute of limitations bars the plaintiffs' claims for breach of implied warranty and breach of express warranty.

### Applicable Legal Principles

### I. Economic Loss Rule

A. *Background*

Virginia, in recognizing the economic loss rule, has applied it in several cases. *Breard Plumbing and Heating, Inc. v. Thompson Plastic, Inc.*, 254 Va. 240 (1997); *Gerald M. Moore and Son, Inc. v. Drewry*, 251 Va. 277 (1996); *Ward v. Ernst & Young*, 246 Va. 317 (1993); *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85 (1989); *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988); *Blake Constr. Co. v. Alley*, 233 Va. 31 (1987).

The economic loss rule provides that damages for purely economic loss, as opposed to damages for injury to property or persons, cannot be recovered in a tort claim based on negligence. *See Copenhaver*, 238 Va. at 366; *Sensenbrenner*, 236 Va. at 423; *Blake*, 233 Va. at 34.

The seminal case in Virginia jurisprudence on the economic loss rule is *Sensenbrenner*, a case in which the plaintiff-landowners brought a negligence claim against an architect and a swimming pool subcontractor, both of whom

the plaintiffs' general contractor hired. *Sensenbrenner*, 236 Va. at 421-22. Subsequent to the completion of the construction, the plaintiffs discovered that the pool had been built on fill, causing settlement which led to broken water pipes and a cracked house foundation. *Id.* at 422. Thereafter, the plaintiffs filed an action in the United States District Court for the Eastern District of Virginia against the architect and the subcontractor. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court sustained the defendants' motion to dismiss on the ground that the economic loss rule barred the plaintiffs' tort claim for economic damages. The Supreme Court of Virginia, on certification from the United States Court of Appeals for the Fourth Circuit, agreed with the district court's ruling. *Id.*

The *Sensenbrenner* court stated that when faced with the dilemma of "determining when a claim for damages crosses the line dividing purely economic losses from injuries to persons or property. . . . [m]ost jurisdictions equate economic losses, for which no action in tort will lie, with disappointed economic expectations." *Id.* at 423 (citations omitted). The court went on to state, "[t]his is clearly the prevailing rule where damage is claimed because goods purchased fail to meet some standard of quality." *Id.* The *Sensenbrenner* court clarified the difference in the approach of the law of torts and the law of contracts in determining damages in a case:

> The law of torts is well equipped to offer redress for losses suffered by reason of a "breach of some duty imposed by law to protect the broad interests of social policy." Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.

*Id.* at 425 (citations omitted).

## B. *Privity*

The plaintiffs argue that the economic loss rule should not be applied because there is privity between the parties. In support of their position, the plaintiffs assert that all relevant decisions from the Supreme Court of Virginia interpreting the economic loss rules have been decided on the issue of privity.

The plaintiff in the case of *Fournier Furniture, Inc. v. Waltz-Holst Blow Pipe Co.*, 980 F. Supp. 187 (W.D. Va. 1997), made this same argument. In

*Fournier*, the defendant manufacturer moved for partial summary judgment as to the plaintiff's negligence claim on the ground that because only economic loss was alleged, the claim was not permitted under Virginia law. *Id.* In sustaining the defendant's motion for partial summary judgment, the court addressed the plaintiff's argument that because privity existed between the parties, the economic loss rule did not apply. The court rejected the plaintiff's reliance on *Ward v. Ernst & Young*, 246 Va. 317 (1993), a case in which the Supreme Court of Virginia, in dicta, noted that the "clear implication" of its prior language was that "when privity exists, economic losses may be recovered under a negligence theory." *Ward*, 246 Va. at 332.

In declining to accept the plaintiff's argument, the *Fournier* court stated:

> Whether the parties are in privity of contract is not viewed in most jurisdictions as determinative. *See Miller v. U.S. Steel Corp.*, 902 F.2d 573, 574 (7th Cir. 1990) ("Privity of contract is not an element of the economic loss doctrine."). In fact, in view of the purposes of the rule, it can be argued that the most likely cases in which to apply the economic loss rule would be those in which there is privity between the parties. If the basis of the rule is to allow the parties to allocate the risk of nonperformance as they see fit, then those cases — like the present one — in which the parties actually negotiated the terms of their contract, should be the ones in which the doctrine is applied.

*Fournier*, No. 96-152-A, WL122974 at 6, 7 (W.D. Va. Mar. 13, 1997)

In the instant case, the parties maintained a transaction for the sale of a good in which both sides had the opportunity to bargain for exchanged consideration. Based on these negotiations, the parties entered into a contract for the sale of an automobile, and any economic losses arising from damages to that automobile are recoverable under contract law. The economic loss rule, regardless of whether privity exists between the parties, would preclude recovery of such damages under a tort theory. The Supreme Court of Virginia has yet to hold that the economic loss rule may not be applied to a case in which the parties maintain privity of contract. Relying on the reasoning in *Fournier*, this Court holds that privity of contract is not a requisite element of the economic loss doctrine; therefore, the existence of privity between the parties does not preclude the application of the economic loss doctrine to deny the plaintiffs' negligence claim.

C. *Economic Loss*

The next issue to be decided is whether the damages claimed by the plaintiffs qualify as purely economic losses. According to the plaintiffs' Motion for Judgment, they seek damages in the amount of the value of the car at the time of the fire. No other damages for personal injury or injury to property other than the automobile are sought. The *Sensenbrenner* court provided the following test for classifying the character of a loss:

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on the one hand and economic losses on the other.

*Sensenbrenner*, 236 Va. at 425. The *Sensenbrenner* court, in developing this test, relied on *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986), a unanimous Supreme Court case in which the Court applied the economic loss rule to an admiralty case. In *East River*, the Court held that when a product "injures itself" as a result of a defective part, the owner suffers a purely economic loss for which no tort claim will survive. *East River*, 476 U.S. at 868. Furthermore, the Court opined:

> Damages to a product itself have certain attributes of a products-liability claim. But the injury suffered — the failure of the product to function properly — is the essence of a warranty action, through which a contracting party can seek to recoup the benefit of its bargain.

*Id.* at 868. The plaintiff in *East River* had asked the Court to adopt a rule for which tort recovery would be allowed where a "sudden, calamitous event" triggers the failure or defect of a product. *Id.* at 870. The Court refused to do so, stressing the importance of maintaining the two distinct areas of products liability and contract law. *Id.*

The plaintiffs in the instant case are asking this Court to adopt the same rule which the United States Supreme Court rejected in *East River*. This Court will decline such a request. The damages which the instant plaintiffs seek to recover, the value of the automobile, are purely economic losses. Any claim

for such damages arises from the contractual relationship between the parties, and has no basis in tort recovery.

The Twenty-Fifth Judicial Circuit Court of Virginia recently ruled on this same issue in the decision of *Snead v. Ford Motor Co.*, 47 Va. Cir. 268 (1998). In *Snead,* an insurance company filed an action for subrogation for damages purportedly caused by a vehicle fire. As in the instant case, the only damages claimed were those damages to the automobile resulting from the fire. In holding that the economic loss rule barred the plaintiff's tort claims, the *Snead* court relied on the decisions in *East River* and *Sensenbrenner*. In reaching its decision, the *Snead* court also emphasized the public policy reasons enunciated in *East River* for maintaining different spheres for products liability and contract law. The *Snead* court stated:

> Further, the ultimate ramifications of blurring the lines between products liability and contract law would surely find consumers paying more to insure manufacturers against excessive damages. Public policy is better served to maintain the distinct spheres of each, particularly in light of the *East River* view that manufacturers could not adapt their behavior to a widening of the tort recovery.

*Snead,* at 271-72 (quoting *East River,* 476 U.S. at 870).

To allow the plaintiffs in the instant case to recover for what can only be characterized as economic losses would be to allow such a "blurring [of] the lines" between products liability and contract law. The plaintiffs here argue that they "have suffered both a threat to the safety of person and property, as well as actual damages to their personal property." Plaintiff's Brief in Opposition at 5. Nonetheless, the plaintiffs can point to no Supreme Court of Virginia decision which expands tort recovery with the same breadth with which they request. This Court relies on the decision in *East River*, a case for which the Supreme Court of Virginia expressed approval; there, the United States Supreme Court found that regardless of the speed of a product's failure, whether sudden or prolonged, "either way, since by definition no person or other property is damaged, the resulting loss is purely economic." *East River*, 476 U.S. at 870.

In finding that the damages claimed by the plaintiffs constitute purely economic losses, this Court holds that the economic loss doctrine bars the plaintiffs' negligence claim. The damages claimed are properly within the province of the law of contracts and must be recovered pursuant to the contractual obligations of these litigants. Consequently, the Court sustains the defendant's Demurrer to Count I of the Motion for Judgment.

## II. *The Statute of Limitations*

The final issue is whether the statute of limitations bars the plaintiffs' contractual claims for breach of implied warranty and breach of express warranty. First, it is important to delineate the applicable dates in this case. The defendant manufactured the subject vehicle on March 15, 1994, and delivered it to the plaintiffs on April 21, 1994. The alleged incident of an engine fire in the vehicle occurred on October 30, 1995. The plaintiffs filed a Motion for Judgment on April 13, 1999, seeking damages under claims of breach of express warranty and implied warranty.

Section 8.2-725 of the Code of Virginia of 1950, as amended, governs statutes of limitations in contracts for sale and provides as follows:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Va. Code Ann. § 8.2-725(2) (Michie 1991). Applying this code provision to the instant case, any possible warranty claim of the plaintiffs began to accrue on April 21, 1994, the date of the delivery of the subject vehicle. Therefore, any warranty claim as to the subject vehicle must have been brought within four years of the date of delivery, or on or before April 21, 1998. Here, the plaintiffs filed suit on April 13, 1999, well beyond the statute of limitations. As to the applicability of the exception clause in § 8.2-725(2), the plaintiffs presented no evidence or argument that the defendant made any such explicit warranty relating to the future performance of the vehicle.

The plaintiffs did, nonetheless, argue that their claims are not barred by the statute of limitations because § 59.1-207.15 and 59.1-207.16 of the Code of Virginia of 1950, as amended, are germane to these claims. Namely, the plaintiffs contend that under these Code sections, which are part of the Virginia Motor Vehicle Warranty Enforcement Act, their cause of action has yet to begin accruing because the defendant has made no final decision regarding the claim the plaintiffs made with Ford under the manufacturer's

informal dispute settlement procedure. The Court rejects this contention because the plaintiffs failed to meet the requisite time deadlines of the Virginia Motor Vehicle Warranty Enforcement Act. Specifically, under § 59.1-207.16 of the Code of Virginia of 1950, as amended, a consumer has "(i) twelve months from the date of the final action taken by the manufacturer in its dispute settlement procedure, *if* such procedure was resorted to within eighteen months of delivery, or (ii) the original eighteen-month period, whichever is longer, to file an action in the proper court." Va. Code Ann. § 59.1-207.16 (Michie 1998) (emphasis added). Here, the plaintiffs did not resort to the dispute settlement procedure until after October 30, 1995, the date of the vehicle fire, which would have been beyond the required eighteen months from delivery; alternatively, the plaintiffs failed to meet the original eighteen-month period for filing.

Therefore, the Court holds that the statute of limitations bars the plaintiffs' claims for breach of implied warranty and breach of express warranty.

## Conclusion

The Court sustains the defendant's Demurrer as to Count I of the plaintiffs' Motion for Judgment, holding that the economic loss rule bars the plaintiffs' negligence claim. The Court sustains the defendant's Plea of the Statute of Limitations as to Counts II and III of the plaintiffs' Motion for Judgment, finding that the applicable statute of limitations bars both of the plaintiffs' warranty-based claims. This cause is dismissed.