## CIRCUIT COURT OF THE CITY OF NORFOLK

Virginia Beach Rehab
Specialists, Inc.

v.

Augustine Medical, Inc.,
and Tycon Medical Systems, Inc.

March 19, 2002

Case No. (Law) L01-2249

BY JUDGE JOSEPH A. LEAFE

This matter comes before this Court on Defendants Augustine Medical, Inc., (hereinafter "Augustine") and Tycon Medical Systems, Inc.'s (hereinafter "Tycon") Demurrers to Plaintiff Virginia Beach Rehab Specialists' Motion for Judgment and on Defendant Tycon's Motion Craving Oyer.

On September 5, 2001, Plaintiff filed a Motion for Judgment against Defendants alleging fraud, constructive fraud, damages under Virginia Code § 59.1-68.3, and the violation of the Virginia Consumer Protection Act. In response, Defendants filed Demurrers to every count of the Motion for Judgment and Tycon filed a Motion Craving Oyer with respect to Count Two.

Upon consideration of Plaintiff's claims and Defendants' Demurrers and Motion Craving Oyer, this Court sustains Tycon's Demurrer as to Count One; overrules Augustine's Demurrer as to Count One; sustains Defendants'

Demurrer as to Count Four; overrules Defendants' Demurrer to the remaining counts; and overrules Tycon's Motion Craving Oyer.

A. *Demurrer*

A demurrer, unlike a motion for summary judgment, does not allow the court to evaluate and decide the merits of a claim, it only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993) (citing *Elliot v. Shore Stop, Inc.*, 238 Va. 237, 239-40, 384 S.E.2d 752, 753 (1989)).

According to the Rules of the Supreme Court, the pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Rule 1:4(d). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991).

Therefore, a motion for judgment shall not be dismissed on demurrer if it is written so as to clearly inform the defendant of the true nature of the claim asserted against him. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749 (1951). Furthermore, the pleading is not required to "descend into statements giving details of proof in order to withstand demurrer." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). "If a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a Bill of Particulars." *Id.*

Therefore, the only issue before this Court is whether Plaintiff stated a cause of action for each of the counts included in the Motion for Judgment.

1. *Count One: Actual Fraud*

A party alleging actual fraud must prove by clear and convincing evidence (1) false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage. *Evaluation Research Corp. v. Alequin*, 247 Va. 143,

148, 439 S.E.2d 387, 390 (1994). A claim of fraud must also be pleaded with particularity in order to allow the defendant to properly shape his defense. *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295, 467 S.E.2d 778 (1996). Furthermore, a claim of fraud must relate to a present or pre-existing fact, and ordinarily cannot be maintained on allegations of unfulfilled promises or statements as to future events. *Soble v. Herman*, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940).

The Virginia Supreme Court articulated the following rule regarding unfulfilled promises as to future events:

> [t]he general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. While failure to perform an antecedent promise may constitute breach of contract, the breach does not amount to fraud. But the promisor's intention – his state of mind – is a matter of present fact. When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as an actual fraud.

*Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985) (quoting *Lloyd v. Smith*, 150 Va. 132, 145-47, 142 S.E. 363, 365-66 (1928)).

In the instant case, in addition to the other required elements, where Plaintiff alleged that Augustine promised to provide "free legal assistance," where it was alleged that Augustine knew this was untrue, and where the promise was allegedly made for the purpose of inducing Plaintiff to buy the Warm-Ups®, this Court finds that Plaintiff stated with sufficient particularity a claim for actual fraud.

Thus, Augustine's Demurrer as to Count One of the Motion for Judgment is overruled.

However, Plaintiff failed to state a claim for fraud against Tycon. Plaintiff made the requisite allegations that Tycon (1) made material misrepresentations of present fact; (2) that, at the time these representations were made, Tycon knew that they were untrue; (3) that they were made for the purpose of inducing Plaintiff to purchase the Warm-Ups® product; (4) that Plaintiff relied upon the representations; and (5) as a result of the misrepresentations, Plaintiff suffered losses. Plaintiff failed to allege, however, that Tycon intentionally and knowingly made the false representation.

Therefore, this Court sustains Tycon's Demurrer as to Count One of the Motion for Judgment.

## 2. *Count Two: Constructive Fraud and Misrepresentations*

In *Blair Constr. Inc. v. Weatherford*, the Virginia Supreme Court stated: "[t]he elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." 253 Va. 343, 356-47, 485 S.E.2d 137, 138-39 (1997).

In a constructive fraud case, a plaintiff must prove (1) the defendant made a false representation of a material fact; (2) the defendant intended the plaintiff to rely on it; (3) the plaintiff relied on it; and (4) the plaintiff suffered damage as a result of this reliance. *Economopoulous v. Kolaitis*, 259 Va. 806, 813, 528 S.E.2d 714, 719 (2000). In addition, a claim of fraud must be pleaded with particularity in order to allow the defendant to properly shape his defense. *Mortarino*, 251 Va. at 295, 467 S.E.2d at 782.

This Court notes that Plaintiff's Motion for Judgment fulfills the requirements for a sufficient pleading of constructive fraud as to both Defendants. However, "[t]he economic loss rule provides that damages for purely economic loss, as opposed to damages for injury to property or persons, cannot be recovered in a tort claim based on negligence." *Burner v. Ford Motor Co.*, 52 Va. Cir. 301 (Prince William 2000) (citing *Copenhaver v. Rogers*, 238 Va. 361, 366, 384 S.E.2d 593 (1989); *Sensenbrenner v. Rust, Orling & Neale, Architects*, 236 Va. 419, 374 S.E.2d 55 (1988)). "The essence of constructive fraud is negligent misrepresentation." *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998). Therefore, where the basis of constructive fraud is negligence, the economic loss rule applies.

When trying to determine whether a loss is purely economic or an injury to person or property, if the damage is claimed because the goods purchased fail to meet some standard of quality, most jurisdictions equate this with economic loss, for which no action in tort lies. *Id.* The Court in *Sensenbrenner* stated:

> The law of torts is well equipped to offer redress for losses suffered by reason of a "breach of some duty imposed by law to protect the broad interests of social policy." Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts.

The controlling policy consideration underlying tort law is the safety of persons and property – the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. . . . [And therefore whether] the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic loss on the other.

*Id.*, 236 Va. at 425 (citations omitted).

Furthermore, the economic loss rule traditionally bars claims based on tort theory and is intended to restrain efforts to prevent parties from bringing claims in tort that should be claims only for breach of contract. *Richmond v. Madison Management Group*, 918 F.2d 438, 446 (4th Cir. 1990); *see* William L. Prosser, *Handbook of the Law of Torts* 92, at 614 (4th ed. 1971). If a defendant breaches a duty imposed by law, however, rather than by contract, the economic loss rule should not apply. *Richmond*, 918 F.2d at 446.

Plaintiff's Motion for Judgment states:

[a]s a direct and proximate result of the Defendants' misrepresentations, *VBRS has suffered and continues to suffer significant financial loss*, including but not limited to loss of Medicare reimbursements, loss of privileges as a Medicare provider, withheld income, embarrassment, humiliation, loss of reputation in the medical community, loss of business and referrals, and inability to operate its business as a going concern.

Motion for Judgment, ¶ 32 (emphasis added).

Plaintiff's statement, in and of itself, argues that the losses stemming from Defendants' alleged misrepresentations are all financial, thus economic. Plaintiff makes no allegations that the damages suffered resulted in any physical or property damage, nor does Plaintiff allege that the misrepresentations were made in breach of a duty imposed by law. Plaintiff's claim is, however framed, based on the contract entered into between Plaintiff and Defendants. Plaintiff's professed damages are a result of "disappointed economic expectations" due to the alleged failure of Defendants to live up to their representations and, as such, do not support a claim for constructive fraud.

In the instant case, applying the above law and rationale, this Court finds that Count Two of Plaintiff's Motion for Judgment is barred by the economic

loss rule. Defendants' Demurrers to Count Two of Plaintiff's Motion for Judgment are sustained.

### 3. *Count Three: Action for Damages Pursuant to Va. Code § 59.1-68.3*

Count Three of the Motion for Judgment seeks damages against Defendants for alleged deceptive advertising practices, arising under two Virginia Code sections, Code § 59.1-68.3, which provides a civil remedy for a violation of Code § 18.2-216.

Defendants' primary argument is that where there is no criminal conviction under Code § 18.2-216, this fact is fatal to the Plaintiff's claim for damages under Code § 59.1-68.3. Defendants cannot, however, point to a ruling by a court in this Commonwealth in which a criminal conviction was held to be a prerequisite to recovery under Virginia's deceptive advertising statutes. Furthermore, this Court in *Bay Point Condo Ass'n v. RML Corp.*, 52 Va. Cir. 432 (Norfolk 2000), held that a criminal conviction is not a necessary prerequisite to bring a civil action under § 59.1-68.3. While this issue has not been addressed by the Virginia Supreme Court, the United States District Court for the Eastern District of Virginia consistently holds that a cause of action exists under the above Code sections even when there was no successful criminal prosecution. *See H. D. Oliver Funeral Apts., Inc. v. Dignity Funeral Services, Inc.*, 964 F. Supp. 1033 (E.D. Va. 1997); *Maldonado v. Nutri/System, Inc.*, 776 F. Supp. 278 (E.D. Va. 1991).

Additionally, neither Code § 18.2-216 nor § 59.1-68.3 expressly requires a criminal conviction prior to recovery of civil damages. Instead, Code § 59.1-68.3 only requires a "violation" of Code § 18.2-214 *et seq.* in order for a plaintiff to recover damages. In contravention of Defendants' argument, § 59.1-68.3 also expressly allows the introduction of "transcript and exhibits in evidence in any final proceeding in which the Attorney General has obtained a *permanent injunction. . . .*" Va. Code (2001). This allowance contemplates the occasion of a civil action occurring before any criminal action is taken. Thus, a criminal conviction is not a prerequisite to recovery under Va. Code §§ 18.2-216 and 59.1-68.3.

Defendants also summarily state, and provide no further argument, that Count Three of Plaintiff's Motion for Judgment is insufficient to state a cause of action and/or fails to allege facts that support a deceptive advertising claim with the requisite degree of particularity.

Plaintiff's Motion for Judgment alleges (1) that "Defendants disseminated and circulated information in written pamphlets and letters, stating that Warm-Ups® therapy was recognized and covered by Medicare;" (2) that "[t]he

publications were intended to increase the consumption of Warm-Ups® therapy and therapy products;" (3) that "[t]he statements contained in these publications were untrue, deceptive, and misleading, in violation of Va. Code § 18.2-216;" and (4) that, as a result of the Defendants' conduct, Plaintiff suffered losses.

These allegations are sufficient to support a claim of deceptive advertising under Code §§ 18-2.241 *et seq.* and 59.1-68.3. Thus, Defendant's Demurrer as to Count Three of Plaintiff's Motion for Judgment is overruled.

### 4. *Count Four: Violations of the Virginia Consumer Protection Act*

Defendants argue that Count Four should be dismissed because the transaction between Plaintiff and Defendants did not amount to a "consumer transaction" as defined by Virginia Code § 59.1-198, a part of the Virginia Consumer Protection Act.

The VCPA defines a "consumer transaction" as:

(1) *The advertisement, sale, lease, license or offering for sale, lease or license, of goods or services to be used primarily for personal, family or household purposes*;

(2) Transactions involving the advertisement, offer or sale to an individual of a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged;

(3) Transactions involving the advertisement, offer or sale to an individual of goods or services relating to the individual's finding or obtaining employment; and

(4) A layaway agreement whereby part or all of the price of goods is payable in one or more payments subsequent to the making of the layaway agreement and the supplier retains possession of the goods and bears the risk of their loss or damage until the goods are paid in full according to the layaway agreement.

Va. Code § 59.1-198 (2001) (emphasis added).

The VCPA defines a "person" as "any natural person, corporation, trust, partnership, association and any other legal entity." Va. Code § 59.1-198 (2001). The VCPA defines "consumer transaction" as, in pertinent part, "[t]he advertisement, sale . . . or offering for sale . . . of goods or services to be used primarily for personal, family or household purposes." *Id.* "Goods" are defined as "all real, personal or mixed property, tangible or intangible." *Id.*

Therefore, the VCPA inarguably applies to those consumer transactions involving services and/or goods which are ultimately intended for personal use and Plaintiff alleged that the Warm-up® therapy, a service, along with the supplies required for it, the goods, were bought intended for personal use on Plaintiff's patients.

Perhaps more importantly, the VCPA also goes on to define a supplier as "[a] seller or lessor who advertises, solicits or engages in consumer transactions, or a manufacturer or distributor who advertises and *sells or leases goods or services to be resold or leased by other persons in consumer transactions.*" Va. Code § 59.1-198 (2001). Thus, the language of the statute does not seem to limit protection only to those transactions that occur directly between a supplier and the ultimate consumer.

However, this Court is not persuaded that Plaintiff's allegations amount to a cause of action under the Virginia Consumer Protection Act. The misrepresentations that Plaintiff allege constitute a basis for a Consumer Protection Act claim simply are not sufficient to provide the basis for such a claim. Plaintiff alleges that such activities occurred not in relation to Warm-Ups® as a good, but rather in regard to whether or not Medicare would cover their usage and whether Augustine would provide free legal assistance if their usage was denied coverage. This Court finds that these statements do not fall under the umbrella coverage of the Consumer Protection Act because the Act applies only to deception, fraud, false promises, or misrepresentations made about the good(s) or service(s) advertised, sold, or leased. *See* Va. Code § 59.1-196 *et seq.*

Tycon also demurs to Count Four arguing that Virginia Code § 59.1-207 provides a safe harbor. However, a demurrer only tests the sufficiency of the allegations made against the party, it does not address the suitability of defenses. The applicability of the section is not an issue that this Court can decide at this point in time.

Therefore, where this Court finds that the Virginia Consumer Protection Act does not apply to the instant factual situation, Defendants' Demurrers as to Count Four are sustained.

B. *Motion Craving Oyer*

Craving oyer was originally a demand placed upon a party suing upon a document to read the document in open court. *Charter Communities, Inc. v. Lees Hill Partnership*, 31 Va. Cir. 417 (Spotsylvania 1993) (quoting *Black's Law Dictionary*, 1261 (4th ed. 1951)). This practice has since been modified

to compel a plaintiff to provide the defendant with a true copy of the document being sued on. *Id.*

"[T]he right to crave oyer of papers *mentioned in a pleading*, applies only to specialties and letters or probate and administration, *not to other writings*, and only applies to a deed when the party pleading relies upon the direct and intrinsic operation of the deed." *Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1916) (quoting *Langhorne v. Richmond R. Co.*, 91 Va. 369, 22 S.E. 159) (emphasis added). However, simple mention of the document in the pleading does not justify its incorporation into the pleadings. *Id.* A motion craving oyer can be used where a defendant filed a demurrer based on documents which are not a part of the record, but form the basis for plaintiff's cause of action(s). *See Charter*, 31 Va. Cir. at 419.

In the instant case, Tycon makes a Motion Craving Oyer for the documents alleged in Plaintiff's Motion for Judgment. Plaintiff, in response to Tycon's Motion, produced the mentioned documents and, as such, this Court utilized them in deciding on the instant Demurrer. *See Ward's Equip., Inc. v. New Holland North America*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 227, n. 3, 541 S.E.2d 909, 914, n. 3 (1997); *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991). The Court also notes that the instant documents are easily accessible to Defendants through ordinary channels of discovery, such as a Request for Production of Documents.

Therefore, where the documents Tycon craved oyer of do not fall in any of the above-defined categories, Defendant's Motion is overruled.