# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Angela Engle Horne

v.

Bobby R. Browder
and Prince George County
School Board

August 4, 2015

Case No. CL15-370

By Judge Nathan C. Lee

The Court must decide whether to grant or deny Defendant's Motion Craving Oyer and whether to sustain or overrule Defendant's Demurrer.

*Facts*

This matter comes before the Court on Defendant Bobby R. Browder's (hereinafter "Dr. Browder") Demurrers to Plaintiff Angela Horne's Complaint and on Dr. Browder's Motion Craving Oyer.

In July of 2014, Ms. Horne applied for the Budget and Finance Director position for the Prince George County school system. During the application process, Ms. Horne advised Defendant, who was the Superintendent of the school system, that she had previously been convicted of a felony, and expressly asked whether her prior conviction would be an impediment to her employment. Further, when asked on her employment application whether she had been convicted of a felony, she answered "yes" and provided details about her conviction. Dr. Browder assured Ms. Horne on multiple occasions that he had cleared the matter with the School Board and the conviction would not be a problem. Ms. Horne subsequently left her then-place of employment, accepted the position with the school system and began the new position on September 29, 2014.

In October 2014, the Virginia State Police Central Criminal Records Exchange completed Ms. Horne's background check, and sent it to Dr. Browder. The background check confirmed Ms. Horne's prior felony conviction. No action was taken at that time. Four months later, in February 2015, the School Board received an anonymous letter about Ms. Horne's felony conviction. On February 10, 2015, following a closed session of the School Board, Ms. Horne was terminated from her position.

On March 5, 2015, the *Prince George Journal* published a front-page article titled "School division searching for a new finance director as FY16 budget plans underway." Plaintiff's Complaint alleges she was defamed by the article, and highlights two statements in particular as being defamatory. The relevant paragraphs state:

> Browder explained that the employee who recently left the post had planned to seek employment elsewhere which resulted in the individual no longer working for the Prince George school district.

> Though not referencing any specific employee, Browder explained that criminal background checks are ordered after a position is offered to an individual. Browder said they can take time. Before background check findings return, the school division could employ the individual, but, if those background checks return unfavorable, then action will be taken.

On April 29, 2015, Plaintiff filed a Complaint against Defendant alleging actual fraud, constructive fraud, and defamation. In response, Defendant filed demurrers to each count of the Complaint and a Motion Craving Oyer to Counts I and II. The Court heard oral argument on the motions on July 10, 2015.

### Discussion

Dr. Browder demurs on the grounds that Ms. Horne could not have reasonably relied upon Dr. Browder's alleged representations, because her employment with the School Board was precluded by Virginia law, which she acknowledged and agreed to be bound by when she signed her employment contract. In support of the Demurrer, Dr. Browder craves oyer of the employment contract that Ms. Horne entered into with the School Board, which contains a clause stating "this employment shall be subject to, all federal and state laws. . . ."

A motion craving oyer is available where a defendant files a demurrer based on documents which are not a part of the record, but which form the basis for plaintiff's causes of action. *Virginia Beach Rehab. Specialists, Inc. v. Augustine Medical, Inc., and Tycon Medical Systems, Inc.*, 58 Va. Cir. 379, 387, 2002 Va. Cir. LEXIS 155, at *17 (Norfolk, 2002). Craving

oyer compels a plaintiff to provide the defendant with a true copy of the document being sued on. *Id.* The Court denies Dr. Browder's Motion Craving Oyer on the ground that the employment contract does not form the basis of, nor govern, Ms. Horne's claims.

In order to recover for actual or constructive fraud, Ms. Horne must establish that Dr. Browder either intentionally or negligently made a false representation of material fact upon which Ms. Horne relied and which resulted in damage to Ms. Horne. There is no dispute that the employment contract states that Ms. Horne's employment is subject to Virginia law. However, Ms. Horne alleges that, based upon Dr. Browder's statements and assurances during and subsequent to the application process, Ms. Horne left her then-place of employment, which ultimately resulted in damage to her. Ms. Horne does not allege that the contract had any impact on her decision. Rather, Ms. Horne's claims arise out of her reliance upon misrepresentations made and actions taken weeks prior to her signing the contract. Although the employment contract may raise questions about notice, it does not form the basis of, nor govern, Ms. Horne's claims. As such, the Court does not find sufficient evidence to indicate that the employment contract forms the basis of any of the counts of Plaintiff's claims in the pleadings, and finds that oyer is not appropriate as to the employment contract.

A demurrer tests the sufficiency of factual allegations to "determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.,* 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citing *Welding, Inc. v. Bland County Serv. Auth.,* 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). A demurrer admits the truth of all well-pleaded material facts and should be sustained when a "pleading fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2013). Further, "all reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis,* 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). A demurrer will be overruled where the pleadings are written so as to clearly inform the defendant of the true nature of the claim asserted against him. *Alexander v.Kuykendall,* 192 Va. 8, 14-15, 63 S.E.2d 277, 279 (1993).

A claim of fraud must be pleaded with particularity to allow the defendant to properly shape his defense. *Mortarino v. Consultant Eng'g Services, Inc.,* 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). A party alleging actual fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage. *Evaluation Research Corp. v. Alequin,* 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).

In the instant case, Plaintiff has alleged each of the requisite elements for a claim of actual fraud. In addition to the other required elements, Plaintiff specifically alleged that Dr. Browder made intentional false statements that Horne's prior felony conviction would not preclude her from her employment at the school system because she would not be working at an actual school or in direct contact with children and that Dr. Browder had discussed the matter with the School Board and that Ms. Horne was "clear." The Court thus finds that Plaintiff stated with sufficient particularity a claim for actual fraud.

Likewise, a claim of constructive fraud must also be pleaded with particularity. *Mortarino*, 251 Va. at 295, 467 S.E.2d at 782. A party stating a claim for constructive fraud must allege the same elements as actual fraud, except that the misrepresentations of material fact are made innocently or negligently, and not with the intent to mislead. *Blair Constr. v. Weatherford*, 253 Va. 343, 346-47, 485 S.E.2d 137, 138 (1997). As in the count for actual fraud, Ms. Horne alleged each of the requisite elements for a claim for constructive fraud. Further, where she alleged that Dr. Browder assured her that her prior felony conviction would not preclude her from her employment at the school system because she would not be working at an actual school or in direct contact with children, and that he had discussed the matter with the School Board and that Ms. Horne was "clear," this Court finds that Plaintiff stated with sufficient particularity a claim for constructive fraud.

In both actual and constructive fraud cases, the plaintiff must show she had a right to reasonably rely upon the misrepresentation. *Jared & Donna Murayama 1997 Trust v. NISC Holdings, L.L.C.*, 284 Va. 234, 246, 727 S.E.2d 80, 86 (2012). This is a question for the jury, and will not be decided by this Court at the demurrer stage. Thus, Plaintiff has stated claims for both actual and constructive fraud and Defendant's Demurrers to Counts I and II of Plaintiff's Complaint are overruled.

In Count III, Ms. Horne alleges that Dr. Browder defamed her by his statements to the *Prince George Journal*. Ms. Horne further alleges that the statements were about her and were false and Dr. Browder knew that the statements were untrue. She also claims that the statements demeaned and disparaged her and accused her of unprofessional, unfit, and unlawful activity which she did not commit, and thus the statements were defamatory *per se*. Because of the statements, Ms. Horne claims, she has suffered substantial compensatory damages, including for such things as mental and emotional distress, reputational harm, loss of sleep and income, and others.

A party alleging defamation must prove (1) publication (2) of a false (3) defamatory statement (4) concerning the plaintiff. *Gazette, Inc. v. Harris,* 229 Va. 1, 37, 325 S.E.2d 713, 738 (1985). Whether a statement is defamatory is a threshold determination to be decided by the court as a matter of law. *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 9 (1985). The words themselves must be construed as a whole and viewed in context.

*Hyland v. Raytheon Technical Servs. Co.,* 277 Va. 40, 47, 670 S.E.2d 746, 751 (2009). A defamatory charge may be made "by inference, implication, or insinuation," and every fair inference that may be drawn from the pleadings must be resolved in the plaintiff's favor. *Carwile v. Richmond Newspapers,* 196 Va. 1, 7, 82 S.E.2d 588, 592 (1954). However, although innuendo can be used to show how the words are defamatory and how they relate to the plaintiff, it cannot be used to introduce new matter. *Guide Pub. Co. v. Futrell,* 175 Va. 77, 7 S.E.2d 133 (1940).

At common law, defamatory words which are actionable *per se* are (1) those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished; (2) those which impute that a person is infected with some contagious disease, where, if the charge is true, it would exclude the party from society; (3) those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment; and (4) those which prejudice such person in his or her profession or trade. *Carwile v. Richmond Newspapers,* 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954).

In the instant case, this Court finds the alleged statements concerning the reason Ms. Horne left her employment with the school system and the process of criminal background checks at the school system are not defamatory *per se.* Taking the statements within the context of the entire article, an inference can be drawn that Ms. Horne left the position because of her prior felony conviction. However, that inference is independent of Dr. Browder's statements and cannot be drawn without reference to the anonymous letter received by the newspaper. Thus, although a defamatory charge can be inferred from the newspaper article as a whole, that inference is not due to Dr. Browder's actual statements or any inference that could be drawn from those statements themselves.

Dr. Browder's statement that the "employee who recently left the post had planned to seek employment elsewhere," is the only statement Dr. Browder made that could be directly linked to Ms. Horne. There is nothing defamatory about that statement. Dr. Browder's second statement regarding the process of criminal background checks, standing alone, cannot be linked to Ms. Horne, and is a general statement about the School Board's hiring process. In fact, it begins with the clause, "[t]hough not referencing any specific employee. . . ." Any defamatory inferences linking this statement to Ms. Horne is due not to Dr. Browder's statements, but to the way in which the reporter wrote the story, making use of the anonymous letter. Without reference to the anonymous letter, a defamatory charge cannot be inferred from Dr. Browder's statements standing alone. Therefore, this Court concludes that the alleged statements are not sufficiently defamatory to permit the Court to decide whether in fact the statements were actually defamatory. Consequently, Plaintiff's Complaint does not state a cause of

action for defamation, and Defendant's Demurrer to Count III of Plaintiff's Complaint is sustained.

## Conclusion

Accordingly, for the reasons stated herein, Defendant's Motion Craving Oyer is denied. Defendant's Demurrers to Counts I and II of Plaintiff's Complaint are overruled. Defendant's Demurrer to Count III is sustained.