Present:  All the Justices

GIOVANNI MORTARINO, ETC., ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v.   Record No. 951129          March 1, 1996

CONSULTANT ENGINEERING
SERVICES, INC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

The primary issue we consider in this appeal is whether certain statements contained in a report constitute facts that are actionable in a motion for judgment alleging constructive fraud.

The trial court decided this case on demurrer and, therefore, we shall recite as true the facts alleged in the motion for judgment and its exhibits and fair inferences deducible therefrom.  Palumbo v. Bennett, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991).

Giovanni Mortarino was the trustee of MGT Virginia, Inc., an employee profit sharing trust established under the laws of Virginia.  Mortarino, individually, and MGT Virginia (collectively referred to as Mortarino), desired to purchase and develop about 73 acres of real property (the property) fronting on Johnstown Road in the City of Chesapeake.

Mortarino made arrangements with James A. Morrow, sole proprietor of the Morrow Group of Companies (hereinafter referred to as Morrow), to acquire the property.  Morrow would serve as a "strawman" to obtain a purchase agreement and ultimately assign its interests in that agreement to Mortarino.  Morrow, acting as agent for Mortarino, executed a contract dated March 1988 to purchase the property from Great Bridge Baseball, Inc.

Mortarino's purchase of the property from Morrow "was contingent upon the feasibility of development of the [p]roperty, unimpeded by governmental wetlands regulations." Morrow executed a contract with Consultant Engineering Services, Inc. (CES), which agreed to conduct a wetlands and drainage feasibility study for the property.

CES retained H. Clayton Bernick, III, a purported expert investigator and consultant on the existence and extent of wetlands with proposed development. Dean G. Vincent, vice president of CES, stated in a report to Morrow:

> We contracted with Mr. Clay Bernick who specializes in investigating and consulting civil engineering firms on the existence and extent of wetlands with proposed development. Mr. Bernick's experience and knowledge in this field is extensive and therefore his findings are quite reliable. However, the presence of wetlands are [sic] so opinionated that there is always the possibility that a different interpretation could be made. However if that were the case the only location that is remotely possible for a contrary determination to be made is a small area on the southern boundary of the property and the chances of this are only slight. On the vast majority of the property Mr. Bernick finds nothing to indicate that wetlands are present.

In reliance upon these representations, the market value of the property was deemed to be $570,000. Subsequently, Morrow assigned its interests in the contract to Mortarino, who acquired the property from Great Bridge Baseball.

In 1992, CES retained Davis Environmental Consultants, Inc., to ascertain the extent of wetlands on the property. Davis Environmental Consultants determined that "[a]pproximately 80% of the property . . . is clearly jurisdictional wetlands." Subsequently, CES changed its earlier position and acknowledged that most of the property constitutes wetlands. Ultimately, the

United States Army Corps of Engineers determined that most of the property is jurisdictional wetlands. Hence, Mortarino was unable to develop the property.

Mortarino filed a motion for judgment against CES, Bernick, and Morrow, alleging that the defendants had committed acts of constructive fraud. The defendants filed demurrers asserting that Mortarino failed to plead a cause of action for constructive fraud against them because the aforementioned statements in CES' report constitute opinions and, therefore, cannot be the basis of a cause of action for constructive fraud. Additionally, defendant Bernick asserted that Mortarino failed to allege that Bernick made any representation to Mortarino and, therefore, no cause of action for constructive fraud was stated against Bernick. The trial court sustained the demurrers and also refused to permit Mortarino to amend the motion for judgment. We awarded Mortarino an appeal.

Mortarino argues that the trial court erred by holding that the alleged fraudulent misrepresentation is an opinion which cannot form the basis for a cause of action for constructive fraud. Defendants assert that the alleged misrepresentations do not refer to a present or past fact, but are expressions of opinion.

Mortarino and defendants correctly observe that expressions of opinion cannot form the basis of an action for fraud:

> It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud. Such statements are not fraudulent in law, because . . . they do not ordinarily deceive or mislead. Statements which are vague and indefinite in their nature and terms, or are merely loose,

conjectural or exaggerated, go for nothing, though they may not be true, for a man is not justified in placing reliance upon them.

Saxby v. Southern Land Co., 109 Va. 196, 198, 63 S.E. 423, 424 (1909). Additionally, "fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." Patrick v. Summers, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988) (quoting Soble v. Herman, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940)).

We have not, however, established a bright line test to ascertain whether false representations constitute matters of opinion or statements of fact. Rather, "each case must in a large measure be adjudged upon its own facts, taking into consideration the nature of the representation and the meaning of the language used as applied to the subject matter and as interpreted by the surrounding circumstances." Packard Norfolk, Inc. v. Miller, 198 Va. 557, 562, 95 S.E.2d 207, 211 (1956). And, as we observed in Garrett v. Finch, 107 Va. 25, 28, 57 S.E. 604, 605 (1907):

> It is not always an easy matter to determine whether a given statement is one of fact or opinion. The relative knowledge of the parties dealing, their intentions and all of the surrounding circumstances, which can only be gathered from the evidence, affect the interpretation which the courts put upon the representations in determining whether they be of fact or opinion.

We hold that the alleged misrepresentations contained in CES' report to Morrow are statements of fact. CES represented in its report that "[o]n the vast majority of the property Mr. Bernick finds nothing to indicate that wetlands are present" and "the only location that is remotely possible for a contrary determination to be made is a small area on the southern boundary

of the property and the chances of this are only slight." These statements are unambiguous representations of the present quality or character of the property and, thus, are representations of fact, and not mere expressions of opinion.

It is true, as the defendants point out, that CES stated in its report, "[h]owever, the presence of wetlands are [sic] so opinionated that there is always the possibility that a different interpretation could be made." This statement, however, is not sufficient to absolve the defendants of any liability that might ensue because of the purported factual misrepresentations that are contained in this report. For example, this purported disclaimer does not affect Vincent's factual representation that Bernick "finds nothing [on the property] to indicate that wetlands are present."

Mortarino also argues that the trial court erred in holding that the motion for judgment fails to state a cause of action for constructive fraud against Bernick. Mortarino says that the motion for judgment alleges that Morrow acted as Mortarino's agent and that "[a] person who enters into a fraudulent transaction with an agent, acting within the scope of his authority to bind a principal, is subject to liability to the principal whether the fraud is practiced upon the agent or upon the principal."

Bernick responds that there are no factual allegations concerning him other than the fact that he performed a wetlands study for CES. Bernick asserts that Mortarino does not allege Bernick was aware of Morrow or knew that a report was being furnished which would be used to establish a value on the

property.  Further, Bernick asserts that "no contract, contact, knowledge, meetings, [or] representations between Bernick and either of the Plaintiffs are alleged."

Initially, we observe, that "'[w]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since [fraud] must be clearly proved it must be distinctly stated.'"  Ciarochi v. Ciarochi, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952) (quoting Alsop v. Catlett, 99 Va. 364, 370, 34 S.E. 48, 50 (1899)); accord Campbell v. Bettius, 244 Va. 347, 351, 421 S.E.2d 433, 435-36 (1992); Tuscarora v. B.V.A. Credit Corp., 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978); Temple v. Jones, Son & Co., 179 Va. 286, 297, 19 S.E.2d 57, 61 (1942).  We have stated that the elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation.  Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); accord Nationwide Mut. Ins. Co. v. Hargraves, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991); Kitchen v. Throckmorton, 223 Va. 164, 171, 286 S.E.2d 673, 676 (1982).  Additionally, "[a] finding of . . . constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation."  Alequin, 247 Va. at 148, 439 S.E.2d at 390.

Here, the trial court properly sustained Bernick's demurrer

because Mortarino failed to plead, with the requisite degree of particularity, facts which support all the elements of a cause of action for constructive fraud.  For example, Mortarino failed to plead that Bernick knew or had reason to know that Mortarino would rely upon Bernick's alleged misrepresentations or that Bernick knew that his representations would be placed in a report that would be used to determine the value of the property.

Next, Mortarino asserts that the trial court abused its discretion by denying his motion for leave to amend the motion for judgment.  The defendants do not respond to this assignment of error in their respective briefs.

Rule 1:8 states in part:  "[l]eave to amend shall be liberally granted in furtherance of the ends of justice."  Whether to grant leave to amend "is a matter resting within the sound discretion of the trial court."  Kole v. City of Chesapeake, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994).  Here, nothing in the record suggests that the defendants would have been prejudiced by allowing an amended motion for judgment.  Additionally, Mortarino had not previously amended his motion for judgment.  We conclude, therefore, that the trial court abused its discretion in failing to allow the filing of the amended motion for judgment.

Accordingly, we will affirm that portion of the trial court's judgment holding that Mortarino failed to plead a cause of action for constructive fraud against Bernick.  We will reverse that portion of the judgment denying Mortarino's motion to amend the motion for judgment.  We will also reverse that part of the judgment sustaining the demurrers on the basis that the

statements in Consulting Engineering Services' report constitute opinions.  We will remand this case for further proceedings consistent with this opinion.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.