# CIRCUIT COURT OF THE CITY OF ROANOKE

Linda B. Langford

v.

Peter F. Kelly

December 22, 2000

Case No. CL00-360

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff has sued Defendant podiatrist for malpractice alleging that he negligently treated her before, during, and after her surgery. She also claims that he committed the tort of fraud when he altered her medical records to characterize her as argumentative and uncooperative. Her motion for judgment requests damages, both compensatory and punitive. Defendant demurrers to the fraud allegation and to the request for punitive damages. Defendant argues that an action for fraud must be stated with more particularity than the pleadings recite and that, under the facts of this case, any claim for fraud is subsumed into the malpractice claim by virtue of § 8.01-581.1, Code of Virginia (1950), as amended. Defendant also asserts that the facts as alleged by the Plaintiff are not sufficiently egregious to warrant punitive damages. The Court finds in favor of the Defendant on each of his arguments.

## Fraud

Plaintiff alleges that her medical records were altered to make her appear argumentative and uncooperative. Mere "expressions of opinion cannot form the basis for an action of fraud." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 293 (1996). In addition, the pleadings do not make its allegations of fraud with particularity. They are instead vague, indefinite, and conclusory. They do not include the precise nature of the information that was altered, details of the timing of such alterations, a statement that the alterations were

made with an intent to mislead, a statement that the alterations were actually relied upon, or a statement that Plaintiff suffered actual harm as a result of the record changes. See *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849 (1978). For these reasons, the demurrer to the fraud count will be sustained.

Defendant also argues that § 8.01-581.1, through its definition of malpractice by a health care provider, subsumes the fraud action into the general claim for malpractice. In support of this proposition Defendant cites *Hagan v. Antonio*, 240 Va. 347 (1990), and *Peterson v. Fairfax Hosp. Systems, Inc.*, 31 Va. Cir. 50 (1993). These cases and their predecessors, *Gonzalez v. Fairfax Hosp. Systems, Inc.*, 239 Va. 307 (1990), and *Glisson v. Loxley*, 235 Va. 62 (1988), all stand for the proposition that any tort which occurred during the treatment of a patient by a health care provider must be brought pursuant to the medical malpractice statutes of Virginia. Since the fraud alleged is a tort claim against a health care provider, it comes under the Medical Malpractice Act and cannot be treated as a separate and independent claim. For this reason also, the demurrer must be sustained. However, assuming Plaintiff is able to comply with the statutory requirements for malpractice actions and if the Plaintiff can overcome the problems regarding the specifics of the alleged fraud as set forth above, leave is granted for her to amend her pleadings within thirty days of the date of this letter opinion. Such amendment, if made, may be a separate count for an intentional malpractice based on fraud.

### Punitive Damages

Plaintiff's claim for punitive damages is based chiefly upon her fraud count. The demurrer having removed it, the claim for punitive damages must also be struck. Notwithstanding this, should the fraud claim be repleaded in the form of an intentional malpractice claim, the allegations would have to show the requisites for punitive damages or they would again be stricken. The mere assertion of an intentional tort is not sufficient to infer that the act amounted to "[w]illful or wanton conduct [which] imports knowledge and consciousness that injury will result from the act done." *Wallen v. Allen*, 231 Va. 289, 297 (1986). Without such facts punitive damages will not be granted.