# CIRCUIT COURT OF THE CITY OF NORFOLK

Lowell A. Stanley, P.C.

v.

Danka Business Systems
and General Electric
Capital Corporation

January 28, 2002

Case No. (Law) L01-1230

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before the Court on the Demurrer of Defendant Danka Business Systems (Danka), filed on June 29, 2001, and Motions to Transfer to Chancery and Craving Oyer, filed by Defendant General Electric Capital Corporation (General Electric) on July 27, 2001. Defendants' Motions and Pleadings stem from a Motion for Judgment filed by Plaintiff Lowell A. Stanley, P.C., on May 25, 2001. A hearing was held before this Court on November 7, 2001, and, pursuant to the Courts instructions, the parties filed memorandums of law in support and in opposition to, respectively, the Demurrer and Motions. After considering the relevant facts and inferences, the Court holds that Danka's Demurrer should be sustained.

This matter arose from a photocopier lease agreement between the Plaintiff and Danka, which was allegedly acting on behalf of General Electric. Plaintiff claims that Danka, through its agent Keith Lansley, committed both actual and constructive fraud against Plaintiff through alleged misrepresentations and deceptions while negotiating and entering into the lease agreement. Mot. for J. ¶ 12. Plaintiff claims this alleged fraud induced it to enter into the lease, and it reasonably relied on the allegedly false and

fraudulent misrepresentations to its detriment, resulting in damages. *Id.* ¶¶ 14, 15, 19. Plaintiff also claims that Danka, which assigned its rights and interest to General Electric, engaged in conspiracy to commit fraud against Plaintiff with Plaintiff's former employee, Loretta Storck. *Id.*, Count II, ¶¶ 2, 3.

In its Demurrer, Danka claims that Plaintiff's Motion for Judgment is insufficient at law, as it does not state causes of action for fraud or conspiracy to commit fraud. In support of its allegations, Danka claims that Plaintiff fails to state with particularity the facts necessary to support a cause of action for fraud. Demurrer ¶ 6. Rather, claims Danka, Plaintiff has merely alleged opinions and other non-representations, none of which constitute fraud. *Id.* ¶¶ 6, 7. Although General Electric moved to transfer this matter to chancery and filed a Motion Craving Oyer, this Opinion shall address only Danka's Demurrer.

A demurrer tests the sufficiency of factual allegations to determine whether a motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (*quoting Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

According to the Rules of the Supreme Court, the pleading "shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Rule 1:4(d). The Court may consider the pleading and attached exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). A Motion for Judgment shall not be dismissed on demurrer if it is written in such a way as to clearly inform a defendant of the true nature of the claim asserted against him. *Alexander v. Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749 (1951).

"[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence [sic] accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs, Inc.*, 251 Va. 289, 296, 467 S.E.2d 778, 782 (1996) (quoting *Ciarochi v. Ciaroci*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952) (citations omitted)). A claim of actual fraud requires a showing of "a false representation of a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party

misled, and resulting damage." *ITT Hartford Group, Inc. v. Virginia Fin. Associates, Inc.*, 258 Va. 193, 203, 520 S.E.2d 355, 361 (1999) (citing *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994)). "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it." *Id.*

In its Motion for Judgment, Plaintiff alleges that the fraudulent acts and misrepresentations made by Danka's agent included "representing the lease to be reasonable, the number of copies to be necessary, representing that the lease was a solution to plaintiff's problems, receiving kickbacks for the formulation of the contract, providing kickbacks to Loretta Strock for the formulation of the contract, [and] failing to disclose kickbacks." Mot. for J. ¶ 13. Plaintiff also alleges "other false and fraudulent representations." *Id.* However, the latter allegation is not pleaded with sufficient particularity to satisfy the pleading requirements for a fraud. As for the former "fraudulent acts and misrepresentations," Plaintiff alleges they were intentionally and knowingly made, with intent to mislead, that Plaintiff reasonably relied on them, and damages resulted. *Id.* ¶¶ 13, 15, 19.

Although Plaintiff has attempted to plead the elements of fraud, the "fraudulent acts and misrepresentations" alleged do not satisfy the pleading requirements. Three of the allegations involve "kickbacks," which are defined as "[p]ayments back of a portion of the purchase price to buyer ... by seller to induce purchase or to influence improperly future purchases or leases." *Black's Law Dictionary* 781 (5th ed. 1979). It is obvious from this definition that kickbacks are not, and could not possibly be, false representations of material facts which could be relied upon. As such, they do not support a cause of action for actual or constructive fraud.

In its Response to Danka's Demurrer, Plaintiff claims that the alleged kickbacks constitute a breach of the contractual duties of good faith and fair dealing imposed by Virginia Code § 8.1-303. Pl.'s Resp. at 4. However, this explanation is irrelevant to fraud, which is what was alleged in the Motion for Judgment. As this Court's review at the demurrer stage is limited to the allegations contained in Plaintiff's aggressive pleading, the cause of action raised in Plaintiff's Response will not be considered.

Danka claims that Plaintiff's allegations that Danka's agent represented the lease to be "reasonable" and a "solution to Plaintiff's problems" and that the number of copies was "necessary" are not false representations of material fact. Demurrer ¶ 6. Rather, claims Danka, they are "quintessentially opinions." *Id.* Plaintiff argues these are statements of fact that are "sufficient to overcome a demurrer." Pl.'s Resp. at 3.

It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. *The mere expression of an opinion, however strong or positive the language may be, is no fraud.* Such statements are not fraudulent in law because ... they do not ordinarily deceive or mislead. *Statements which are vague and indefinite in their nature and terms, or are merely loose, conjectural, or exaggerated, go for nothing, though they may not be true, for a man is not justified in placing reliance upon them.*

*Mortarino,* 251 Va. at 293, 467 S.E.2d at 781 (quoting *Saxby v. Southern Land Co.,* 109 Va. 196, 198, 63 S.E. 424 (1909) (emphasis added)). Furthermore, the misrepresentation must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. *Mortarino,* 251 Va. at 293, 467 S.E.2d at 781 (quoting *Patrick v. Summers,* 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988) (citations omitted)).

The Virginia Supreme Court has stated that no bright line test has been established to determine whether allegedly false representations are statements of fact or matters of opinion. *McMillon v. Dryvit Systems, Inc.,* 262 Va. 463, 471, 552 S.E.2d 364, 369 (2001) (citing *Mortarino,* 251 Va. at 293, 467 S.E.2d at 781). Rather, "each case must in a large measure be adjudged upon its own facts, taking into consideration the nature of the representation and the meaning of the language as applied to the subject matter and as interpreted by the surrounding circumstances." *Id.* (citations omitted).

Even taking as true all fair inferences deducible from Plaintiff's Motion for Judgment, which is required at the demurrer stage, these allegations do not state a cause of action for fraud. The alleged "fraudulent acts and misrepresentations" identified by Plaintiff, when taken in context, are merely expressions of opinion in the form of trade talk or "puffing." Puffing is "the expression of an exaggerated opinion — as opposed to a factual representation — with the intent to sell a good or service." *Yuzefovsky v. St. John's Wood Apts.,* 261 Va. 97, 110, 540 S.E.2d 134, 142 (2001) (quoting *Black's Law Dictionary* 1247 (7th ed. 1999)). The Virginia Supreme Court has "recognized that commendatory statements, trade talk or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion which cannot be rightfully relied upon, at least where the parties are on equal terms." *Lambert v. Downtown Garage,* 262 Va. 707, 713, 553 S.E.2d 714, 717 (2001) (citations omitted).

Danka's agent's alleged expressions, even taken in the context alleged in Plaintiff's Motion for Judgment, are similar in nature to allegations which have been rejected as supporting causes of action for fraud. In *McMillon*, the plaintiffs sued the defendant building supply corporation for fraud based on statements that appeared in the defendant's advertising brochure. The Virginia Supreme Court held that the alleged misrepresentations, when taken in context, were merely statements of opinion about how the defendant's materials would perform in the future if utilized in constructing a house. 262 Va. at 471, 552 S.E.2d at 369. Likewise, in *Lambert*, the plaintiff buyer alleged misrepresentation when the seller, in response to the plaintiff's question about whether the vehicle had been seriously damaged, stated it was in "excellent condition" when he knew it had been damaged. The Virginia Supreme Court found that statement was part of a sales pitch and merely an expression of the seller's opinion that the damage was not serious. 262 Va. at 713, 553 S.E.2d at 717.

In the instant case, the alleged expressions of Danka's agent, even taking them in the context alleged in Plaintiff's Motion for Judgment appear to be part of his "sales pitch" and were merely statements of opinion about what would occur if Danka's services were utilized. Also, the parties were on equal terms because of Plaintiff's involvement with his own business. As such, the statements allegedly made by Danka's agent that the lease was "reasonable" and a "solution" to Plaintiff's problems and that a certain number of copies was "necessary" were mere expressions of opinion which cannot support a cause of action for fraud.

Furthermore, Plaintiff's allegations fail to allege the specifics of the fraud, such as when and to whom the representations were made. As such, even if the alleged representations were statements of material fact, Plaintiff fails to plead with the requisite degree of particularity facts that support the elements of fraud. For the reasons stated above, it is the ruling of this Court that Danka's Demurrer is sustained and Plaintiff's Motion for Judgment is dismissed. Plaintiff is granted ten days from the date of this letter to amend its Motion for Judgment.