## CIRCUIT COURT OF THE CITY OF NORFOLK

Darrellyn D. Hamlett
and Doryl Dean Durkee,
co-executors of the estate of
Catherine B. Durkee,
deceased

v.

Virginia Vascular Assocs. et al.

April 21, 2003

Case No. (Law) 02-1560

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the Court on demurrer by Defendants Medtronic, Inc., Medtronic Ave., Inc., and Medtronic USA, Inc. (hereinafter "Medtronic Defendants"). The demurrer of the Medtronic Defendants attacks Count IX: Breach of Express Warranty, Count X: Actual Fraud, Count XI: Constructive Fraud, and Count XII: Negligence. For the reasons discussed below, the Court sustains Defendants' demurrer to Counts X and XI and overrules Defendants' demurrer to Counts IX and XII.

Plaintiffs have alleged the following facts. On or about March 13, 2002, the decedent, Mrs. Catherine B. Durkee, was referred to Dr. Gordon Stokes, Defendant, for evaluation of an abdominal aortic aneurysm. Am. Mot. for J. ¶ 7. On April 25, 2001, Dr. Stokes, assisted by Dr. Martin Fogle, Defendant, performed surgery on Mrs. Durkee at Sentara Norfolk General Hospital for an elective endograft replacement. *Id.* at ¶¶ 8-9. During the surgery, the doctors inserted a Medtronic AneuRx Stent Graft in Mrs. Durkee's right iliac artery, and the artery was torn. *Id.* at ¶¶ 10-11. Mrs.

Durkee's iliac artery ruptured and was completely torn off during the surgery. *Id.* at ¶¶ 12-13. Mrs. Durkee suffered an estimated blood loss of 2600 cc. during the surgery. *Id.* at ¶ 14. Darrellyn D. Hamlett and Doryl Dean Durkee, co-executors of Mrs. Durkee's estate, brought this action against Defendants Dr. Stokes, Dr. Fogle, Vascular Associates, and the Medtronic Defendants.

## Discussion

### Standard on Demurrer

> In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. . . . No grounds other than those stated specifically in the demurrer shall be considered by the court.

Va. Code Ann. § 8.01-273 (2003).

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Va. Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)).

### Count IX: Express Warranty

Medtronic Defendants claim that Plaintiffs have failed to state a claim for breach of express warranty. Medtronic Defs.' Dem. (hereinafter "Dem.") ¶ 1. "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Va. Code Ann. § 8.2-313(1)(a) (2003).

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied . . . although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods.

Va. Code Ann. § 8.2-318 (2003).

Plaintiffs allege that agents and employees of Medtronic made representations that amounted to an affirmation of fact and promise that the AneuRx Stent Graft was suitable for insertion into Mrs. Durkee's iliac artery. Pls.' Am. Mot. for J. ¶ 68-71. The affirmation of fact and promise became a basis of the bargain and created an express warranty that the AneuRx Stent Graft conformed to the affirmation and promise. Plaintiffs claim that Medtronic breached this express warranty because the stent graft did not conform to the affirmation and promise. *Id.*

Defendants assert that Plaintiffs' claim for breach of express warranty is defective because Plaintiffs have failed to indicate to whom the affirmation or promise was made or that the buyer was induced by the warranty to purchase the device. Medtronic Defs.' Memo. in Supp. of Dem. to Pls.' Am. Mot. for J. (hereinafter "Defs.' Memo. in Supp. of Dem."), at 16. However, Plaintiff alleges that Medtronic, with full knowledge that the device was to be inserted into Mrs. Durkee's iliac artery, represented to her doctors that the device was suitable for this purpose. Am. Mot. for J. ¶¶ 54-56. Plaintiff also alleges that the doctors relied on these representations because of Medtronic's skill and judgment. *Id.* at ¶ 57.

"Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. S. Ct. R. 1:4(d). Plaintiffs have stated sufficient facts to clearly inform Defendants of the true nature of their express warranty claim. "For the purpose of testing the sufficiency of the motion for judgment against defendants' demurrer[], the facts alleged are admitted as true." *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967). The facts alleged in the Amended Motion for Judgment are sufficient to state a cause of action for breach of an express warranty. Because this is a products liability claim, privity is not required, and there is no need to show that the representations were made directly to Mrs. Durkee. Plaintiffs have alleged that Mrs. Durkee's doctors were induced by Medtronic's affirmation of fact or promise regarding the

suitability of the device for insertion into her iliac artery. The Court overrules Defendants' Demurrer to Count IX.

## Count X: Actual Fraud

The elements of actual fraud are: (1) a false representation; (2) of a material fact; (3) made intentionally or knowingly; (4) with intent to mislead; (5) reliance by the misled party; and (6) injury to the misled party. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). A claim of fraud must be pleaded with particularity. *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996).

Defendants assert that Plaintiffs have failed to allege the necessary elements of fraud. "[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Id.* In order to be sufficiently particular, fraud claims must identify the agents, officers, or employees of the company that allegedly perpetrated the fraud, as well as the time and place of the alleged fraudulent acts. *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978).

Plaintiffs have failed to identify these particulars in their amended motion for judgment. Although Plaintiffs have alleged that Medtronic made certain false representations to Dr. Stokes and Dr. Fogle, Plaintiffs have not identified any agent, officer, or employee of Medtronic that made the representations or the time and place of those false representations. *See* Am. Mot. for J. ¶¶ 72-77. In addition, Plaintiffs have failed to allege that the false representation was made "knowingly and intentionally." *Id.* Therefore, Defendants' demurrer to Count X is sustained, and it is unnecessary to consider Defendants' other grounds for its demurrer to Plaintiffs' actual fraud claim.

## Count XI: Constructive Fraud

Plaintiffs assert that the Court should not consider this ground for demurrer to Count XI because it is not stated in the demurrer. Pls. Memo. in Opp'n to Medtronic's Dem., at 4-5. However, Defendants' demurrer addresses fraud generally, including both constructive and actual fraud claims. Therefore, the Court will consider Defendants' demurrer to Count XI.

Constructive fraud requires proof by clear and convincing evidence that a false representation of a material fact was made innocently or negligently

and that the injured party relied on that representation that resulted in damage to that party. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). Constructive fraud differs from actual fraud in that the misrepresentation is not made with the intent to mislead but is innocently or negligently made. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994). Constructive fraud is a "breach of legal or equitable duty which, irrespective of moral guilt, is declared by law to be fraudulent because of its tendency to deceive others or violate confidence." *Wells v. Weston*, 229 Va. 72, 77, 326 S.E.2d 672, 675-76 (1985).

The pleading for constructive fraud, like actual fraud, must show specifically what the fraud consists of. *Mortarino*, 251 Va. at 295, 467 S.E.2d at 782. Plaintiffs have failed to identify the agents, officers, or employees of Medtronic that allegedly perpetrated the fraud. Plaintiffs have also failed to allege the time and place of the alleged fraudulent acts. *See* Am. M. for J. ¶¶ 78-83. Therefore, Defendants' demurrer to Count XI is sustained, and it is unnecessary to consider Defendants' other grounds for its demurrer to Plaintiffs' constructive fraud claim.

Defendants have also attacked Count XI on the ground that it states a claim for negligent misrepresentation, a cause of action that is not recognized under Virginia law. The Court finds that Count XI states a claim for constructive fraud, a cause of action that is recognized under Virginia law.

### Count XII: Negligence

Defendants have stated two grounds for its demurrer to Count XII. The first ground is that Virginia does not recognize a cause of action for negligent communication of advice and information. Dem. ¶ 5(a). The second ground is that the learned intermediary doctrine bars Count XII. As discussed in the next section, assertion of the learned intermediary doctrine is inappropriate at this stage in the proceedings. Therefore, the Court considers only the first ground for demurrer to Count XII.

Plaintiffs have alleged that Medtronic, through its employees and agents, assumed a duty to Mrs. Durkee when it undertook to assist her doctors in determining whether or not the AneuRx Stent Graft was appropriate for insertion into her iliac artery. Am. Mot. for J. ¶¶ 85-87. Plaintiff further alleges that Medtronic and its employees breached their assumed duty. *Id.* at ¶ 88. The doctors relied on the statements of Medtronic and its employees in its decision to insert the AneuRx Stent Graft into Mrs. Durkee's iliac artery. *Id.* at ¶ 89. Plaintiff asserts that Mrs. Durkee died as a direct and proximate cause of Medtronic's breach of duties and negligence. *Id.* at 89.

Defendants' assertion that Plaintiffs have failed to state a cause of action for negligent communication of advice and information is misplaced. Plaintiffs have fulfilled all the requirements for stating a claim for negligence. Therefore, Defendants' demurrer to Count XII is overruled.

### The Learned Intermediary Doctrine

Defendants have asserted that the learned intermediary doctrine applies to Counts IX through XII of the Amended Motion for Judgment. The learned intermediary doctrine has been stated as follows:

> [I]n circumstances where (1) ethical drugs or medical devices that can be prescribed or installed only by a physician are involved and (2) a physician prescribes the drug or installs the medical device after having evaluated the patient, the manufacturer of the drug or device owes only the duty to warn the physician and to provide the physician with adequate product instructions.

*Talley v. Danek Medical, Inc.*, 179 F.3d 154, 163 (4th Cir. 1999). In *Talley*, the Fourth Circuit found that the fraud and negligence counts were defeated by application of this doctrine. *Id.* Although no Virginia case mentions the "learned intermediary doctrine," the Supreme Court of Virginia has applied the doctrine to a manufacturer of prescription drugs. *See Pfizer, Inc. v. Jones*, 221 Va. 681, 684, 272 S.E.2d 43, 44 (1980) (applying doctrine when defendant drug manufacturer warned physician that improperly injecting drug into an obese person was dangerous).

Consideration of the learned intermediary doctrine is inappropriate at this stage in the proceedings. A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). The learned intermediary doctrine is a defense to certain causes of action brought against manufacturers of medical devices and prescription drugs. Therefore, until the facts are developed, the Court will not entertain Defendants' arguments regarding the learned intermediary doctrine at this stage in the proceedings.

474

*Conclusion*

The Court sustains Defendants' demurrer to Plaintiffs' actual and constructive fraud claims, Counts X and XI of the Amended Motion for Judgment, on the ground that the claims are not pleaded with sufficient particularity and grants to Plaintiffs leave to amend. The Court overrules Defendants' Demurrer to Counts IX and XII because Plaintiffs have sufficiently stated a cause of action in those counts.