## CIRCUIT COURT OF THE CITY OF RICHMOND

Tony A. Isley

v.

PRG Real Estate
Management, Inc.,
d/b/a Hyde Park
Apartments

September 2, 2004

Case No. LS-1044-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, plaintiff, a tenant, has brought suit against his landlord, claiming negligence, failure to warn, breach of express and implied warranties, and fraudulent inducement arising out of a fall through the ceiling of his apartment on March 15, 2003. Defendant has responded with a Demurer to the warranty and fraud claims and a Special Plea of Release based on plaintiff's subsequent execution of a lease, which contained a general release provision.

### Warranty Claims

Defendant maintains that the Motion for Judgment does not allege sufficient facts to support an action for breach of warranty and that such an action is prohibited by the lease agreement governing he parties. The court disagrees. Plaintiff did not make a "naked allegation" in his Motion for Judgment, as did the plaintiff in *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 523-24, 579 S.E.2d 188, 190 (2003), cited in defendant's Memorandum in Support of Demurrer. Rather, plaintiff specifically alleges that defendant warranted that the attic "was safe and fit for . . . storage, standing, and walking," that he relied on this information in his decision to rent the apartment, that the attic was defective, and as a result he suffered injuries.

Motion for Judgment ¶¶ 113-16. Defendant's demurrer will be overruled as to Count III.

## Fraud

In contending that the Motion for Judgment does not allege sufficient facts to support an action for fraudulent inducement, defendant relies on *Mortarino v. Consultant Eng'g Serv's*, 251 Va. 289, 293-95, 467 S.E.2d 778, 781-82 (1996), a case which holds that expressions of opinion are not actionable for fraud. However, plaintiff alleges that defendant's salesperson "falsely stated to plaintiff that the attic and floor in question were safe for the plaintiff to use." See Motion for Judgment ¶ 19. Based on the parties' relationship and the "surrounding circumstances," this is an allegation of fact. *See Mortarino*, 251 Va. 289, 293-94, 467 S.E.2d 778, 781 (1996). Plaintiff further alleges the statements were false, known to be false, and were made to induce him to rent the apartment; anything more is evidentiary. See Motion for Judgment ¶ 20. Defendant's demurrer will be overruled as to Count IV.

## Special Plea of Release

Defendant asks that the case be dismissed, claiming that plaintiff's signing of the lease after the alleged fall released it of any liability resulting from a defect in the property. The court disagrees. Under the Virginia Residential Landlord and Tenant Act, Va. Code § 55-248 *et seq.*, which the court believes applies to this transaction, *see* Va. Code §§ 55-248.3:1, 55-248.5, any lease provision which "agrees to the exculpation or limitation of any liability of the landlord to the tenant arising under law" is prohibited, Va. Code Ann. § 55-248.9(A)(5), and any such provision contained within a lease agreement is unenforceable, Va. Code Ann. § 55-248.9(B). Accordingly, the provision on which defendant relies is unenforceable and the signing did not release defendant of any liability resulting from a defect in the property. Defendant's Special Plea of Release is overruled.