## CIRCUIT COURT OF THE CITY OF SALEM

Lucas L. Walker
and Rachel M. Walker

v.

John Thomas Harrison

July 7, 2008

Case No. CL08-29

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiffs, Lucas and Rachel Walker and Defendant, John T. Harrison, entered into a contract for the purchase of a used vehicle. Plaintiffs claim that promises and misrepresentations made by Defendant induced them to buy the vehicle. During the drive home following the purchase, the vehicle's four-wheel drive failed to work and the automobile eventually ceased to operate. The Walkers attempted to fix the problems, but ultimately returned the automobile to the dealership. After returning the vehicle, a verbal altercation occurred between the Plaintiffs and the Defendant, ending after Plaintiffs retreated from the Dealership.

Plaintiffs brought suit on numerous grounds relating to violations of warranties, fraud and a violation of the insulting words statute, § 8.01-45, Code of Virginia (1950), as amended. Defendant Harrison has demurred to Count VI of the Complaint, claiming that Plaintiff did not allege the type of words necessary to sustain a claim under the insulting words statute. Defendant also demurred to Counts IV, V, and VII, arguing that the Complaint did not allege a false statement of a present, material fact.

320

In considering a demurrer, the Court is not allowed to evaluate the merits of the claim. *Fun v. Virginia Military Inst.*, 245 Va. 249 (1993). Rather, the Court only tests the sufficiency of the factual allegations to determine whether the motion for judgment states a cause of action. *Id.*

## I. *Insulting Words Statute*

Virginia Code § 8.01-45 states, "all words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of peace." The Courts of Virginia have consistently imported principles of defamation into causes of action brought under the insulting words statute. *Allen & Rocks, Inc. v. Dowell*, 252 Va. 439 (1996). However, there is an additional requirement that the words be provocative for a claim to be meritorious under the Insulting Words Statute. *Id.* at 443. Similarly, there is no need for proof of publication for a claim brought under the Insulting Words Statute. That only applies in a claim for defamation.

For a claim of to be actionable under the Insulting Words Statute, "the alleged defamatory statements must still be understood to convey a false representation of fact." *Yeagle v. Collegiate Times*, 255 Va. 293, 296 (1998). Plaintiffs claim that the line of cases holding that the Insulting Words Statute is completely assimilated into the common law of defamation has been rejected. The Court does not agree with Plaintiffs' reading of the relevant case law and finds that the words at issue in this case must convey a false representation of fact to be actionable under the Insulting Words Statute.

Plaintiffs allege, and for the purpose of the demurrer the Court accepts, that Defendant Harrison used curse words and gutter language during the course of the altercation. In any context, these words cannot be understood to convey a false representation of fact. The words used, although uncivilized and offensive, do not rise to the level necessary to sustain a cause of action for defamation and similarly a claim under the Insulting Words Statute. The demurrer to Count VI will be granted.

## II. *Fraud*

Virginia courts have consistently found that opinions cannot form the basis for an action based on fraud or constructive fraud, rather the falsity must be of a present or pre-existing fact. *Mortarino v. Consultant Engineering Services, Inc.*, 251 Va. 289, 293 (1996). An opinion is not actionable because opinions do not tend to mislead or deceive. *Id.* Vague or indefinite statements

are not actionable either because a person is not justified in relying on them. *Id.* Fraud also may not be based on unfulfilled promises or statements as to future events. *Patrick v. Summers*, 235 Va. 452, 454 (1988). However, if a person makes a promise intending not to perform, his promise is a misrepresentation of a present fact, and, if it induces an individual to act to their detriment, then it is actionable as fraud. *Colonial Ford Trust Sales, Inc. v. Schneider*, 228 Va. 671 (1985).

Virginia has not established a bright line test in regard to what is considered an opinion and what is considered a fact. Each case must be considered on its own set of unique facts, taking into account the words used, the subject matter addresses, and all other surrounding circumstances. *Mortarino*, at 293.

Plaintiffs allege that Defendant committed both fraud and constructive fraud in its Complaint. The allegations arise out of the same set of facts. Plaintiffs claim that Defendant, when questioned about the absence of a "Buyer's Guide" sticker, stated that the sticker was not necessary because he guaranteed that there would not be any problems with the automobile and, if there was, that he would personally take care of them. Plaintiffs also claim that, after they told the Defendant of the problems they were having with the vehicle, Defendant offered Plaintiffs a full refund as long as they returned it to the dealership. Plaintiffs lastly claim that Defendant deliberately concealed the fact that the automobile was not inspected and argue that the Defendant used "puffing" statements such as that the vehicle would "run beautiful" and that there would be "no problems." Plaintiffs admit that, alone, these claims might not be enough to constitute fraud, but contend that, in light of the other facts in the case, they are evidence of Defendant's fraudulent scheme to sell the defective vehicle.

Plaintiffs' claims do not relate to a misrepresentation of a present fact. Rather, they are based on statements about future events and unfulfilled promises. Such claims are not actionable as fraud. The demurrer as to Counts IV, V, and VII will be sustained.