# CIRCUIT COURT OF THE CITY OF NORFOLK

Carolyn McBride

v.

Joey Bennett
and Derek Michael Folston

## Case No. CL11-8551

BY JUDGE JERRAULD C. JONES

### April 8, 2013

I write in order to communicate my ruling upon Defendants' Special Pleas in Bar or Sovereign Immunity. The Court heard evidence and legal argument upon the pleadings at a hearing held on April 2, 2013. The essential question presented is whether Defendants are entitled to sovereign immunity, thereby immunizing them from suit for acts of simple negligence. After thorough and mature consideration of the evidence and the law, this Court finds that Defendants are entitled to sovereign immunity.

Virginia applies the test enunciated in *James v. Jane*, 221 Va. 43, 53 (1980), in order to determine whether a government actor is entitled to sovereign immunity. The four factors of the *James* test are: "(1) the nature of the function the employee performs; (2) the extent of the government's interest and involvement in the function; (3) the degree of control and direction exercised over the employee by the government; and (4) whether the act in question involved the exercise of discretion and judgment." *Colby v. Boyden*, 241 Va. 125, 129 (1991). In this case, the parties apparently agree that, as police officers, the Defendants satisfy the first three prongs, leaving only the issue of whether they exercised discretion as police officers on the night of the incident at issue here.

Plaintiff cites *Muse v. Schleiden*, 349 F. Supp. 2d 990 (E.D. Va. 2004), for the proposition that how an officer exercises his discretion matters for purposes of determining sovereign immunity. Plaintiff contends that officers are only entitled to immunity if they exercise their discretion in a "good"

or sensible way. This Court finds that *Muse*, however, does not stand for this proposition. The Court's central holding in that case was no one factor can determine whether immunity applies but rather "turns on whether the situation presents a genuine need for judgment and discretion on the part of the emergency responder." *Id.* at 997. If a defendant must exercise such discretion, he is entitled to sovereign immunity. *Id.* at 998.

After consideration of the line of Virginia cases involving similar circumstances, this Court finds that whether the discretion exercised by a police officer is advisable is not relevant to the determination of immunity. The appropriate question is whether the officer exercised discretion at all. In this case, Defendants exercised their discretion by determining whether and how to respond to the police dispatch for assistance. Therefore, Defendants do satisfy all four prongs of the *James* test and are thus entitled to sovereign immunity.

Accordingly, Defendants' Special Pleas in Bar be, and hereby are, sustained.

## April 26, 2013

I write in order to communicate my ruling upon Plaintiff's Motion for Leave to Amend her Amended Complaint. The Court heard evidence and legal argument upon the pleadings at a hearing held on April 23, 2013. After thorough and mature consideration of the evidence and the law, this Court denies this motion.

Whether to grant an amendment is within the sound discretion of the trial court. *See Kimble v. Carey*, 279 Va. 652, 662 (2010). However, leave to amend "shall be liberally granted in furtherance of the ends of justice." Sup. Ct. R. 1:8. If no amendment has been previously allowed and if an amendment would not prejudice the defendant, it can be an abuse of discretion to deny a motion for leave to amend. *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 296 (1996). This is not the case in the case at bar.

In this case, Plaintiff has previously amended her Complaint and, in the face of this Court's sustaining Defendants' Special Pleas in Bar, now seeks to amend the Complaint again. While one continuance was the result of Defendants' request, Plaintiff could have avoided this amendment by simply pleading in the alternative from the beginning. Moreover, Defendants make a strong case that they are prejudiced by this second requested amendment as they have made tactical decisions in defending the case as a direct result of Plaintiff's first amendment. In light of the previous amendment and this showing of prejudice by Defendants, this Court will not allow the second amendment.

Accordingly, Plaintiff's Motion for Leave to Amend her Amended Complaint be, and hereby is, denied.