COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chaney, Callins and White
Argued at Alexandria, Virginia


KHACHIK YEVDOKIMOV

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1989-22-4            JUDGE KIMBERLEY SLAYTON WHITE
                                                    NOVEMBER 28, 2023

MCDIARMID ASSOCIATES


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Warner F. Young, III (Robert T. Hall; Mahdavi, Bacon, Halfhill &
Young, P.L.L.C.; Law Office of Robert T. Hall, PLC, on briefs), for
appellant.

Lacey Ullman Conn for appellee.


Khachik Yevdokimov appeals the trial court's denial of his motion for leave to file an

amended complaint and the denial to lift the stay on discovery.  He argues that the trial court's

ruling was an abuse of discretion and prevented him from presenting his good faith argument that

*Cline v. Dunlora S, LLC*, 284 Va. 102 (2012), should be "reversed or limited."  For the following

reasons, we affirm the trial court's ruling.

BACKGROUND

In February 2020, Yevdokimov filed a complaint alleging that his car was crushed as he

drove it on a public highway "by a falling tree which had been standing on property owned and/or

controlled, inspected, maintained and/or serviced" by McDiarmid Associates.  The complaint

asserted that the tree was "heavily diseased and dying," its roots were shallow, and its growth was

compromised by utility cables that "had been cut through the zone containing [the] roots."

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

Yevdokimov's complaint advanced negligence and nuisance claims. He asserted that McDiarmid owed a duty to exercise reasonable care to inspect, maintain, service, and "make safe" the trees on its property and had negligently failed to remove the tree that fell. He also alleged that McDiarmid's lack of care and maintenance rendered the tree a nuisance. The accident left Yevdokimov an incomplete quadriplegic, and he sought $15 million in damages for medical expenses, lost income and earning capacity, and physical and mental pain and suffering.

McDiarmid demurred, arguing that under *Cline* a landowner "does not have a duty to inspect and cut down sickly trees that have a possibility of falling on a public roadway." Yevdokimov countered that in *RGR, LLC v. Settle*, 288 Va. 260, 277 (2014), the Supreme Court held that "a possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm." After a hearing, the trial court sustained McDiarmid's demurrer to the nuisance claim but overruled it on the negligence claim.

McDiarmid petitioned the trial court to certify its ruling for an interlocutory appeal under Code § 8.01-670.1, arguing that there was a "substantial ground for difference of opinion on whether [it] had a duty to inspect, care for, and maintain the tree that fell on [Yevdokimov's] vehicle." Despite finding that it was "appropriate to grant an interlocutory appeal," the trial court also found that the Supreme Court unequivocally held in *Cline* that a landowner has "no duty to protect travelers on an adjoining public roadway from natural conditions on his or her land." *Cline*, 284 Va. at 110. The trial court ruled that *Cline* controlled this case "except where the allegation is presented as it is here that [McDiarmid] caused the tree to fail." Accordingly, before certifying its ruling for interlocutory appeal, the trial court amended its order overruling McDiarmid's demurrer. The amended order sustained the demurrer to Yevdokimov's complaint alleging "a duty of

inspection, servicing and/or maintenance" of the tree.[1]  The Supreme Court granted McDiarmid's

subsequent petition for an interlocutory appeal.

On June 23, 2022, the Supreme Court reversed the trial court's ruling, finding that the

complaint "failed to sufficiently plead that McDiarmid had engaged in an affirmative act that altered

the tree from its natural state and caused the highway to be more dangerous than in a state of

nature."[2]  *McDiarmid Assocs. v. Yevdokimov*, No. 210282, slip op. at 1, 6 (Va. June 23, 2022)

(order).  The Supreme Court's ruling relied heavily on *Cline*'s holding that a landowner owes "no

duty to those outside the land with respect to natural conditions existing on the land, regardless of

their dangerous condition."  *Id.*, slip op. at 3-4 (quoting *Cline*, 284 Va. at 106).  But the Supreme

Court's order reflected upon *Cline*'s holding, noting that its ratio decidendi had been "heavily

criticized" and relied on an English case decided after the Commonwealth's adoption of English

common law in the late 1700s.  *Id.*, slip op. at 3-4 n.3.  The Supreme Court noted that as neither

party had asked it "to reverse or expand the holding in *Cline*," it would not consider doing so sua

sponte.  *Id.*  Still, the Supreme Court "observ[ed] that on remand" any motion for leave to amend

Yevdokimov's complaint filed in the trial court "should be liberally granted" under Rule 1:8 "unless

the [trial] court concludes it would be unjust to do so."  *Id.*, slip op. at 6.

On remand, Yevdokimov moved the trial court for leave to file an amended complaint.[3]  He

attached an amended complaint to his motion, which reiterated that the tree was visibly diseased and

---

[1] The trial court's order certifying its ruling for interlocutory appeal also stayed discovery.

[2] The Supreme Court held that the complaint's allegation that "utility cables had been cut through the zone containing" the tree's roots contained passive voice and therefore lacked "definiteness that McDiarmid or its agent laid or directed the laying of these utility cables, which compromised the tree's roots," instead of an independent contractor.  *McDiarmid Assocs. v. Yevdokimov*, No. 210282, slip op. at 5 n.6 (Va. June 23, 2022) (order).

[3] Yevdokimov also moved the trial court to lift the discovery stay.  The trial court denied the motion.

dying, and its root structure was compromised by construction and utility cables. The amended complaint alleged that McDiarmid knew or should have known of the tree's condition and, under the common law, owed a duty to exercise reasonable care to inspect, maintain, and/or service the trees, engage in "good estate management," and make safe natural conditions on its property that had become dangerous to those in a reasonably foreseeable zone of danger. The amended complaint also alleged that McDiarmid was liable for negligence per se because it violated municipal ordinances prohibiting menaces that endanger public health and safety.

At a hearing on the motion, Yevdokimov argued that his amended complaint sought to pursue "two parallel" theories. First, it attempted to distinguish *Cline* because it was a factual question whether the tree here remained "in its natural condition" given the significant development on the lot. He emphasized that the tree in *Cline* was part of a forest, while the instant case involved a solitary tree on a lot near a busy, public highway. Second, the amended complaint acknowledged the Supreme Court's "hint" that it would be appropriate "to challenge" *Cline* and therefore alleged that McDiarmid had a duty to inspect the tree and make it safe, even if it were in its natural condition. Yevdokimov argued that his amended complaint differed from the original complaint, which merely sought to present a cause of action "coloring within the lines of the *Cline* decision." Yevdokimov concluded that because McDiarmid would not be prejudiced, the trial court would abuse its discretion if it denied the motion.

After argument by counsel, the trial court denied the motion for leave to amend. The court found that the amended complaint was insufficient under *Cline* because it did not allege any "affirmative acts" by McDiarmid that caused the tree to fall. Thus, the court concluded that granting leave to file the amended complaint "would be futile."

On appeal, Yevdokimov argues that the trial court abused its discretion by denying him leave to amend because McDiarmid would not have been prejudiced by the amendment and the

amended complaint alleged facts that distinguished his claim from *Cline*. He also asserts that his amended complaint properly questioned *Cline*'s holding by alleging that McDiarmid had a duty to protect passing travelers from natural conditions on its property that posed a danger. He asserts that the trial court's ruling prevented him from pursuing his argument that *Cline* should be reversed or limited.

ANALYSIS

I. Amended Complaint

Review of a trial court's "decision to grant or deny a motion" for leave to file an amended complaint "is limited to the question whether the trial [court] abused [its] discretion." *AGCS Marine Ins. Co. v. Arlington Cnty.*, 293 Va. 469, 487 (2017) (quoting *Lucas v. Woody*, 287 Va. 354, 363 (2014)). Although a pleading may not be amended "after it is filed save by leave of court," Rule 1:8 provides that "[l]eave to amend shall be liberally granted in furtherance of the ends of justice." Indeed, Rule 1:8 promotes "the underlying policy of litigating the actual controversy between the parties, rather than an approximation of it that was initially pleaded." Kent Sinclair & Leigh B. Middleditch, Jr., *Virginia Civil Procedure* § 11.2[A], at 798 (7th ed. 2020); 1 Charles E. Friend & Kent Sinclair, *Friend's Virginia Pleading and Practice* § 6.09[1], at 6-95 (5th ed. 2017) (providing that Rule 1:8 supports the policy "to have final judgments grounded on matters of substance rather than procedure" and "aids in the resolution of the merits of the dispute between the parties"). As such, "at least one amendment" is common in civil cases as parties often must "re-shape the pleadings after discovery and other factual and *legal investigation*." *Id.* (emphasis added).

Consistent with that underlying policy, the Supreme Court has held that

> [a]fter sustaining a demurrer, a court *should grant* a motion for leave
> to amend except when . . . the proffered amendments are legally
> futile, . . . when there is no proffer or description of the new
> allegations, when amendment would be unduly prejudicial to the

- 5 -

[defendant], or when the amending party has engaged in improper litigation tactics.

*AGCS*, 293 Va. at 487 (emphasis added) (citing Rule 1:8). Other relevant considerations include "whether the court previously granted leave to amend" and "how long the case has been pending." *Doe By and Through Doe v. Baker*, 299 Va. 628, 656 (2021) (citing *Ogunde v. Prison Health Servs., Inc.*, 274 Va. 55, 67 (2007)). Under those considerations, the Supreme Court has held that a trial court abuses its discretion by denying a motion for leave to file an amended complaint when "nothing in the record suggest[s] that the defendants would have been prejudiced" and the plaintiff had never sought an amendment. *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 296 (1996). Indeed, in *Kole v. City of Chesapeake*, 247 Va. 51, 57 (1994), the Supreme Court relied solely on the lack of prejudice to hold that the trial court "abused its discretion in failing to allow the filing of the amended bill."

The record demonstrates that this was Yevdokimov's first motion for leave to file an amended complaint. While McDiarmid does not argue that the motion was unduly prejudicial, McDiarmid contends that the trial court properly denied leave to amend because the amended complaint was futile and "would accomplish nothing more than provide an opportunity for reargument of the question already decided."

The trial court agreed with McDiarmid's view that granting the motion to file the amended complaint would be futile, as do we. McDiarmid correctly notes that the trial court continues to be bound by *Cline*. Whether or not the Supreme Court signaled a willingness to reconsider the *Cline* holding does not mean that *Cline* no longer controls.

*Cline* is similar to Yevdokimov's case here because both involved not an affirmative action by the property owner, but a claim of failure to act. *Cline*, 284 Va. at 110. The *Cline* decision states that "the duty owed by adjoining property owners is to refrain from engaging in any act that makes the highway more dangerous than in a state of nature or in the state in which it has been left." *Id.*

Additionally, the *Cline* case specifically states that "there were no allegations in the amended complaint to suggest that Dunlora engaged in any affirmative act." *Id.* The emphasis on the necessity of an "affirmative act" by the property owner was strongly established by the Court in *Cline*, and specifically went away from the idea that there was a duty to inspect, service, or maintain.

Yevdokimov has similarly failed to state an affirmative action taken by McDiarmid in his amended complaint. While the amended complaint does allege various actions done by purported agents of McDiarmid to service and maintain the tree, none of those actions are alleged to have made the tree more dangerous. The Supreme Court found that the original complaint failed to assert that McDiarmid took an affirmative action to make the roadway less safe, and the amended complaint suffers from the same failure, rendering the motion to file an amended complaint futile. Because of this failure to distinguish this case from *Cline*, and because neither the circuit court nor this Court can overrule or limit *Cline*, we hold that the trial court did not abuse its discretion by denying Yevdokimov's motion for leave to file an amended complaint.[4]

## II. Discovery

Yevdokimov requested that the trial court lift the stay of discovery after the case was remanded from the Supreme Court to the trial court, but before his motion for leave to file an amended complaint was even filed. At that time, there was no complaint pending in the trial court upon which any relief could be granted. Here, the only justiciable action after the Supreme Court's reversal and remand was whether Yevdokimov could amend his complaint. The denial of the motion for leave to amend ended the case.

---

[4] We disagree with Yevdokimov's contention that the trial court's denial of his motion for leave to file an amended complaint prevents him from pursuing his argument that *Cline* should be reversed or limited. Yevdokimov does not identify any difference between a court's review of a denial (based on *Cline*) of a motion to file an amended complaint, and a court's review of a trial court's sustaining (based on *Cline*) a demurrer to that amended complaint.

Rule 4:0(a) provides that pretrial procedures, depositions, and productions apply at trial when there is a civil case in the circuit courts. Additionally, the rule states that when the word "action" appears, it is referring specifically to a civil case. Discovery is only allowed, as shown in Rule 4:0, when there is an active civil case before the court. There being no pending complaint either after the remand to the trial court or after the trial court denied Yevdokimov's motion to amend, the trial court properly denied his motion to lift the stay of discovery.

CONCLUSION

For the foregoing reasons, we affirm the trial court's rulings denying Yevdokimov's motion to file an amended complaint and denying Yevdokimov's motion to lift the stay of discovery.

*Affirmed.*