# Richmond.

## SAXBY AND WIFE v. SOUTHERN LAND COMPANY.

### January 14. 1909.

Absent, Keith, P., and Cardwell, J.

1. FRAUD—*Representation as to Ownership and Price of Land—Option.*—Pending a valid option to purchase land, the party holding the option is the only one who can make a sale of it or fix a price. A representation, therefore, by the holder of the option that he owns the land, and that it cannot be bought for less than a stated sum is not such a fraud upon a purchaser from him as will entitle such purchaser to recover damages for deceit. The question of ownership was immaterial, and the price was under his control.

2. FRAUD—*Option on Land.*—The mere fact that an option is taken for the purpose of speculation does not constitute fraud or unfair dealing on the part of the person taking the option.

3. FRAUD—*Expressions of Opinion—What Constitutes Opinions—Case at Bar.*—The statements by the owner of a farm containing about 450 acres that about 150 acres of it is in pine timber of which about twenty acres have been burned over; that the timber when cut into cord wood will readily sell on the local market for four dollars per cord, and that the land is specially adapted to potato culture, and will, by the use of fertilizers, yield one hundred bushels of potatoes to the acre, are mere expressions of opinion about matters of an essentially uncertain nature, and though untrue and relied on by one who purchases the land upon the faith of them, do not furnish the basis of an action to recover damages for deceit. The statements are sufficiently indefinite to put a purchaser on his guard to make further inquiry if he regards the matter as material. The mere expression of an opinion, however strong and positive the language may be, is no fraud.

Error to a judgment of the Circuit Court of New Kent county in an action of trespass on the case. Judgment for the defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Isaac Diggs,* for the plaintiff in error.

*Manly H. Barnes, Norvelle L. Henley* and *Robert E. Henley,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

More than two years after the transaction here involved had been consummated between the parties thereto, this action was brought by the plaintiffs in error against C. B. Chapman, trading as the Southern Land Company, the defendant in error, to recover damages for alleged false and fraudulent representations made in regard to the sale of a certain farm known as "Winslow."

A's a substitute for the original, an amended declaration was filed, which was demurred to, upon the ground that it was indefinite, uncertain and contradictory, and that its allegations did not justify the relief asked. The demurrer was sustained and the suit dismissed. Thereupon, this writ of error was awarded.

The first ground of fraud alleged is that C. B. Chapman, the defendant in error, represented to the plaintiffs in error that he owned Winslow farm, and that it could not be purchased for less than $8,000; whereas, he did not own the farm, but only had an option to buy it, and the real owners were anxious to sell and would have sold it for $4,000.

If C. B. Chapman had, as alleged, an option to buy the farm, then the owners could not have sold it at $4,000 or any other

price during the existence of the option. The sale of the farm and the price at which it could be bought during that time were entirely under the control of Chapman, by reason of his option. He alone could fix the price at which the farm should be sold. When, therefore, he said that the farm could not be bought for less than $8,000, he made a statement that he had a right to make. The question of ownership was immaterial. The real question was the price, which Chapman had the right to determine.

The mere fact that an option is taken 'for the purpose of speculation does not constitute fraud or unfair dealing on the part of the person taking the option. *Cummins* v. *Beavers,* 103 Va. 230, 48 S. E. 891, 106 Am. St. Rep. 881.

The second and third grounds of fraud alleged are that the farm was represented to contain at least 150 acres of pine timber, of which about 20 acres had been burned over; whereas, there was about 120 acres in timber, of which about 60 acres had been burned over.

It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud. Such statements are not fraudulent in law, because, as said by Judge Staples in *Grim* v. *Byrd*, 32 Gratt. 293, they do not ordinarily deceive or mislead. Statements which are vague and indefinite in their nature and terms, or are merely loose, conjectural or exaggerated, go for nothing, though they may not be true, for a man is not justified in placing reliance upon them. An indefinite representation ought to put the person to whom it is made on inquiry. Kerr on Fraud and Mistake, pp. 82-83.

The declaration states that the farm in question contained 444 acres, 1 rood and 26 poles. It is manifest that the vendor was not asserting a fact in stating the number of acres in

timber and the number burned over, but was merely expressing his opinion from appearances. The declaration does not charge him with saying more than that there were about 150 acres in timber and about 20 acres burned over. These expressions indicate that the defendant in error was not making statements of ascertained facts, but was merely expressing his opinion of the acreage in timber and the portion thereof which was burned over. The statements were sufficiently indefinite to have put the plaintiffs in error on their guard to make further inquiry if they regarded the matter as material.

The last two grounds of fraud alleged are that the defendant in error stated that the timber, when cut into cord wood, would readily sell at the local stations on the railroad for $4.00 per cord; whereas, it could be sold only for a much smaller price; and that the land was specially adapted to potato culture, and would by the use of fertilizer yield one hundred bushels of potatoes to the acre; whereas, by actual experiment the land failed to produce anything like that yield by the use of fertilizers.

There is no allegation that the land had produced 100 bushels of potatoes to the acre, or that cord wood had brought $4.00 per cord at local stations. The production of land in the future, and the price of cord wood in the future, are dependent upon so many conditions that no assertion of an existing fact would be made with respect thereto.

The statements relied on as grounds of fraud cannot be regarded otherwise than as speculative expressions of opinion—mere trade talk—with respect to matters of an essentially uncertain nature. Kerr on Fraud and Mistake, *supra; Gordon v. Parmelee*, 2 Allen (Mass.) 212.

We are of opinion that the demurrer to the declaration was properly sustained. The judgment complained of must, therefore, be affirmed.

*Affirmed.*